DECEMBER 16, 1803.

# Thomas Todd *et al. v.* Thomas McClenahan.

*Upon an appeal from a judgment of the Lexington District Court.*

1. It is a general rule of pleading that the declaration must show a title in the plaintiff to have the relief demanded.

2. In an action on a bond given to the Commonwealth, which the statute authorizes to be put into suit by any person injured by a breach thereof, it is necessary that the declaration should set forth both the breach and the injury the plaintiff had sustained, and also the provision of the act authorizing him to sue.

It is alleged as an error, that the declaration does not show the right of M'Clenahan to recover on the bond executed by the governor.

The court can not find any precedent on a case exactly similar to this; and it is believed that bonds of the kind have never been authorized by law in England. But it is a general rule of practice, "That the declaration must show a title in the plaintiff." At common law, even had this bond been assigned to M'Clenahan, he could not have brought suit on it; therefore, it would have been necessary for him to have referred to the statute which permitted him to do so; and, therefore, in the present case, it must be necessary for him to have referred to the act entitled "an act establishing the court of appeals," to show his title. Moreover, as this act only provides that the bond may be put into suit by any person injured, it is conceived that it was also necessary for him to have set forth in his declaration the injury he had sustained.

It may be proper further to observe, that in a suit on a bail bond, taken in England by a public officer for the benefit of a private individual, it has always been held necessary, not only to refer in the declaration to the statute by which it was authorized, but also to state a breach, or non-appearance, to show that a legal right or title to an action thereon had accrued; and it seems to this court that the same principles ought to be regarded in this case, and that any material deviation therefrom might be attended with mischievous consequences.

Therefore, it is considered by the court, that the judgment aforesaid be reversed and set aside; that the cause be remanded to the Fayette circuit court for new proceedings to be had therein, to commence by amending the declaration, and that the appellants recover of the appellee their costs in this behalf expended, which is ordered to be certified to the said circuit court.