Shackelford, J.,
dissenting, said:
I can not concur in the conclusions to which my brother Judges have arrived in this case. It appears from this record that a deed was executed in 1843, by Calvin Goodman, to William Q. Johnson, for the lots in suit, situated in the City of Memphis. It appears from the deed the lots were conveyed to William Q,. Johnson and his heirs in trust, for Mildred B. Watkins, for life, and at her death to become the property^in fee simple of the heirs of her body. It is insisted this conveyance vested the absolute legal estate in William Q,. Johnson, giving to Mrs. Watkins and her children an equitable estate; and the legal estate being in the heirs of William Q,. Johnson, the deed of conveyance' executed by David Johnson and Mrs. Watkins and "her husband in 1850, to Patterson, gave to him a color of title; and the heirs having only an equitable estate under the Act of *597 1819, tbey are barrel, the suit not having been brought within seven years. Looking to the concluding part of the deed above, the reasoning would be correct; but in the construction of a deed, we must look to the whole instrument.
It appears from the recitals of this deed, Lucy Quarles died in Virginia, bequeathing to Mildred B. Watkins, for life, with remainder in fee to her, the said Mildred B. Watkins’ children, a legacy. The Chancery Court at Fredericksburg, Virginia, appointed William Q. Johnson trustee of this fund; and the said William Q. Johnson being desirous of securing said fund in a safe and useful manner, for the benefit of said Mildred and her children, the sum of $818 was invested in the lots in suit, the deed reciting for the benefit of said Mildred for life, and at her death to become the property in fee simple of the heirs of her body. Mrs. Watkins died in 1865, and this suit was brought by the children after her death, to recover the possession of the property thus conveyed. This deed was upon record, and the purchasers had notice of the trust. The estate of Johnson in the lots, though purporting to be an estate in fee, was only for the life of Mrs. Watkins. The fund was created by will, and he was appointed by the Court in Virginia, trustee, to both the fund for Mrs. Watkins and her children. The deed of Goodman recites the trust, and it is manifest, from the recitals of the deed, that Wm. Johnson took only an estate for the life of Mrs. Watkins, and at her death the remainder in fee vested absolutely in her children, the complainants; and they having no right to sue until the termination of the life estate of *598 Mrs. Watkins, the statute of limitations could not run.
I admit the principle to be correct, where the legal estate is vested in the trustee, and the beneficiaries having only an equity, if the trustee is barred, the equitable estate is barred also. The estate, in this case, was derived from the bequest of Mrs. Quarles; the recitals of the deed are evidences of the fact. Johnson was only possessed of such estate as was necessary to support the life estate, and upon the death of Mrs. Watkins his estate terminated.
By the express terms of the deed, the bequest was to Mrs. Watkins only for her life, with remainder in fee to her children. What is the legal effect of this deed? It did not change the character of the fund, so as to defeat the interest of the children of Mrs. Watkins. The trustee will not be permitted, in equity, to take a greater estate than is necessary to support the life estate.
This question has been frequently before this Court, in several well considered cases. In the case of Smith vs. Thompson, 2 Swan, 386, the facts are: On the 22nd of April, 1826, Robert M. Smith conveyed to William Young; his heirs, executors, etc., a negro slave, Jim, and other slaves, in trust, for the support and use of the wife of said Smith — the trustee to hire and control the slaves for her interest; and after her death, the said negroes, with their increase, to be equally divided between all the children. Robert Smith, the husband, sold the negro, Jim, and executed a bill of sale, conveying the absolute title. The trustee died many years after the sale. The suit was brought to recover the possession, after the death of the tenant for life. The Circuit Judge was of opinion *599 that, the legal title being in the trustee, he being barred by the statute of limitation, the equitable title of those iu remainder was also barred. In commenting on the principles of the case, the Court say: “In trusts created by will, it is a general rule that the trustee in whom is vested the legal estate, takes such interest therein as the purposes of the trust require, and as soon as the trust is satisfied, the legal title will vest, under the will, in the person beneficially entitled.” And, in support of this principle, are cited the cases of Player vs. Nichols, 1 B. and C., 336; Due vs. Mupton, 6 East, 162: “If a limitation to trustees and their heirs be resorted to the life of the tenant for life, the estate of the trustees is thereby cut down to the duration of the life estate. Such an estate is merely a freehold.” 4 Kent, 4. The Court says, “the same principles apply iu respect to real and personal estate, though the terms employed be different.” Under the construction given by the Court to the deed, the children took a vested remainder, and it took effect in possession at the death of the tenant for life, and they were not barred.
In the case of Atkins vs. Smith, 1 Sneed, 304, the principle settled in the case of Thompson vs. Smith, came again before the Court, and was recognized and affirmed in that case. The slaves were conveyed by deed to Ezekiel Akin; his executors, administrators and assigns, forever. A female slave, named Delph, and two children, were also conveyed in trust, to permit his daughter Elizabeth Akin, then a feme covert, to have the use and benefit of the slaves during her life; and at her death, to convey and deliver over said slaves, with their increase, to such *600 children of the said Elizabeth as might then be living. The Court says: “By the express terms of the deed, the trust estate is not to continue beyond the period required by the purposes of the trust. The legal effect of the deed is to convey a vested remainder, to take effect in possession at the death of Mrs. Akin, and on the happening of that event, the complainant, by operation of law, instantly became vested of a legal estate in the slaves. This would be so in a will, and loe see no reason why it should not be so in a deed. In the case of Park vs. Cheek, 4 Cold., 20, the same principle was recognized; and again in 3 Cold., 52, Williamson & Greenlaw vs. Wickersham, the principle is stated and recognized, and approved. I think the principle may now be considered as settled by our Court; that as a general rule, the' trustee in whom is vested the legal estate, takes such interest therein as the purposes of the trust require; and as soon as the trust is satisfied, the legal estate will vest in the person beneficially entitled. This is clearly so in a will, and I can see no reason why the rule should not apply to deeds. And in the cases of Smith vs. Thompson, Akins vs. Smith, Park vs. Cheek, Williamson & Greenlaw vs. Wickersham, the principle was recognized and settled. In those cases, the conveyances were by deeds. These cases are in conflict with the English cases as settled.” In Gunter vs. Baldwin, 2 Ves., 646; Shelby vs. Elam, 4 Adolph & Ellis, 749; Wighham vs. Wighham, 18 Ves., 423, the principle seems to be settled in the English Courts that an express limitation of an estate in fee contained in a deed, will not be cut down merely because a fee in the trustees is not necessary for the purposes of the trust estate. Our Courts having *601 adopted a different rule of construction in their recent decisions, I think it unwise to depart' from it. The rule is purely technical. I can see no good reason for it. It is more consistent with' reason and sound policy, to hold that the trustee takes only such interest as is necessary to support the trust. By giving this construction, it secures the right and prevents the bar of the statute, and will protect those who are, from their non-age or covert-ure, unable to assert their rights. The lands having been sold by the petition of the trustee and "Watkins and wife, by the Circuit Court; the case having been determined upon other questions, I express no opinion upon this question. I am of opinion the complainants are not barred, and their right to recover will depend upon the validity of the sale by the Circuit Court..