AMELIA W. VANLEER v. J. D. VANLEER and others.

April Term, 1875.

DOWER NOT ALLOWABLE IN REMAINDER OR REVERSION WHERE THE HUSBAND DIES PENDING LIFE ESTATE. — Where the husband, during coverture, conveyed land to a trustee, for the sole and separate use of a *feme* for her life, and at her death "to revert" to the grantor and his heirs, and died pending the life estate, the widow is not entitled to dower in the remainder or reversion.

DOWER — CONVEYANCE BY HUSBAND IN FRAUD OF RIGHTS. — An allegation, in a petition for dower, that a particular conveyance of land was made by the husband in fraud of the petitioner's rights is insufficient, unless accompanied by a statement of facts which sustains it.

DOWER — LIMITATION OF ACTION — HEIRS. — *Quære*, whether the bar of the statute of limitations would run in favor of the heirs of the husband against the widow's right to dower, where the heirs take a remainder after a trust in favor of another for life, upon a provision that, at the death of the tenant for life, the land revert to the grantor and his heirs.

*H. H. Harrison*, for petitioner.
*Harry Harrison*, for defendants.

THE CHANCELLOR : — On January 18, 1833, Samuel Vanleer, then the husband of petitioner, conveyed a house and lot in Nashville to Robert Woods, "in trust for the sole and separate use of Mrs. Amy Terrass, free from the contracts of her husband, for and during the life of Mrs. Amy Terrass, and at her death said property to revert to the said Samuel and his heirs." The trust estate went into effect at once, and the *cestui que trust* enjoyed it until her death, in the year 1874. Samuel Vanleer died in the year 1844, leaving petitioner as his widow. The petition is filed to have dower in the house and lot.

Under the law as it existed in 1844, the widow was endowable of the lands of which her husband died seized or possessed, — that is, lands of which, at his death, the husband had the freehold and inheritance. This could not be of an estate in remainder or reversion. *Apple* v. *Apple*, 1 Head, 348. The husband must be seized of a freehold in possession, *and* of an estate of immediate inheritance in

remainder or reversion, to create a title to dower. The free-hold and the inheritance must be consolidated and in the husband *simul et semel*, at his death, to have rendered the wife dowable in 1844. The vested estate for life in the trustee and *cestui que trust* was a freehold, which prevented the accruing of the right to dower. 4 Kent's Com. 39.

There is an averment in the petition that the trust con-veyance was " a fraud upon her rights." But this is not an averment that the conveyance was made " fraudulently with intent to defeat her of her dower," under which circum-stance the wife is enabled to impeach the husband's conveyance. 1784, 22, 8; Code, sec. 2406. Nor would even the latter allegation be good against a demurrer, unless accompanied by a statement of the facts upon which the averment was based, so that the court could see that the conclusion was probably justified. *Fort* v. *Orrdorf*, 7 Heisk. 167; *Bank* v. *Cooper*, 20 Wall, 171, 175; *Randall* v. *Payne*, 1 Tenn. Ch. 143.

The objection of the statute of limitations is far more doubtful. For, although the possession of the trustee was adverse to the petitioner after the husband's death, yet his title, both by the absence of words of inheritance in the deed and by the exigencies of the trust itself, terminated with, and was limited to, the life of the first taker. *Aiken* v. *Smith*, 1 Sneed, 304. The deed undertakes to dispose of the whole estate, and although it uses the word "revert," the grantor and his heirs take by the terms used, not by operation of law, which is the distinguishing characteristic of a reversion. Co. Lit. 124*b*, 22*b*; 4 Kent's Com. 354. The heirs took the remainder, as heirs of the grantor, under the limitation, and being in by descent, would seem to fall within the decision which holds that the possession is not adverse. *Guthrie* v. *Owen*, 10 Yerg. 239. It is unneces-sary, however, to decide the point, for the demurrer is well taken on the other ground, and the petition must be dis-missed, with costs.