Nicholson, C. J.,
delivered the opinion of tbe court:
This is an action of ejectment brought by Minena J. *615 Witt against II. Bosenstein and others, to recover a lot in Memphis, described in the pleadings. Her right to recover depends upon the proper construction of a deed executed by Cartwright Price, in 1849, to Wm. B. Price, by which the lot in controversy was conveyed to Wm. B. Price, in trust, for the purpose of securing to his wife, Mary Price, a comfortable living and sustenance after his death. Its language is: “Now, therefore, the said Wm. B. Price is, during the life of my wife, Mary Price and myself, to hold the lot, etc., to the only proper use and behoof of both my said wife and myself, and in ease I should die leaving, my said wife, Mary Price, surviving, the said Wm. B. Price is then to convey all the property herein conveyed to> him to her, the said Mary Price, absolutely and forever, or to such person or.pea-sons, in such manner as she may. direct, wish, and appoint,” etc.
Cartwright Price died in 1850, and in 1854, his widow, Mary Price, conveyed the lot in controversy to M. I. Witt.
The cause was tried before Judge Heiskeil, who instructed the jury in reference to the construction of the deed from Cartwright Price to W m. B. Price, that “if you find from the proof that Cartwright Price died leaving his wife, Mary Price, surviving him, the title to said property became vested in the said Mary in fee simple, and that she became invested with a clear legal title tO' the property,” etc.
It is apparent on the face of the deed that Cartwright Price conveyed the naked legal title of the lot 'tó Wm. B. Price, for the sole purpose of its being held by him during the joint lives of himself and wife, Mary, and upon the death of either it was required of the trustee that the title should be conveyed to the survivor. When Cartwright Price died, in 1850, leaving his wife, Mary, surviving him, the purpose of the trust was accomplished, and it became the duty of the trustee at once to malee an absolute title to Mary Price.
Upon the authority of Aikin v. Smith, 1 Sneed, 304, *616 which has been repeatedly recognized and followed by this court, it is clear that upon the death of Cartwright Price, his widow became vested with an absolute fee simple title to the lot, either upon tbe ground that the purpose of the trust having been accomplished, the legal title vested in her, or upon the presumption that the trustee discharged the obligation imposed upon him by making the conveyance as required by the deed of 1849.
As this view of the case is conclusive of the question, we deem it unnecessary to discuss the other questions argued by counsel.
There is no- error in the record,, and the judgment is affirmed.