JAMES M. BARKLEY and WIFE v. C. E. DOSSER, Trustee, etc.

1. TRUST. *Funds in trust. Power to dispose of the principal by deed or will. Absolute possession.* A fund in trust for the sole and separate use of a person, with the power to dispose of the principal fund by will or deed to take effect at their death, is not in legal effect an absolute gift, and does not give absolute possession to the extent that the person is entitled to recover the same from the trustee.

2. SAME. *Trusts created by will or deed, when active.* A will imposing the duty upon the trustee to invest the funds in bonds, etc., and apply the annual dividends or interest to the sole and separate use of a person, is an active or special trust.

34—VOL. 15.

3. SAME. *When a trust estate terminates.* A trust estate terminates when the purpose for which it was created is accomplished.

FROM WASHINGTON.

Appeal from the Chancery Court at Jonesborough. H. C. SMITH, Ch.

I. E. REEVES and H. H. INGELSOLL for complainants.

—— ——— for defendant.

COOKE, J., delivered the opinion of the court.

This was a bill filed for the construction of the last will and testament of Malvina Matthews, who died intestate in Wythe county, Virginia, in 1854, and to receive a fund alleged to belong to her from said trustee. The particular clause of the will upon which a construction is asked is as follows:

"I give and devise to my son, Granville H. Matthews, the tract of land upon which I now live, upon this special trust—to be sold by him when, in his opinion, it can best be done, and on such terms as he shall deem most expedient, the proceeds whereof he shall lend out on good security on real estate, or vest in Virginia or other government stocks, in his discretion. One-half of the annual interest or dividends therefrom I give to my daughter Malvina, and the other half to my daughter Eliza Lewis, as a fund for their separate and sole use and benefit, especially in the event of their marriage. One moiety of the principal arising from the sale of said land may be disposed of by each of my said daughters, either by

deed, to take effect after their death, or by will, and not otherwise."

The trustee specified in this clause sold the land in pursuance of the trust, realizing therefor to the share claimed by complainant, Malvina, the sum of $3,500, and continued for a time to execute said trust, when he died. Upon his death a trustee in his stead was appointed by the court in Virginia, who assumed the duties of this trust, and he and his successors continued to exercise the powers of the trustee until the said Malvina intermarried with complainant, James M. Barkley, when they removed to Washington county, Tennessee, where they filed their petition in the circuit court at Jonesboro for the appointment of a trustee in this State, and the removal of said fund from the State of Virginia to this State. Respondent, Dosser, was accordingly appointed such trustee by a decree of said court, and authorized to recover and remove said fund, etc., who executed bond as such, and entered upon the duties of said trust, and has received and had in his hands as such trustee the greater portion of said fund, and is proceeding to execute the trust according to the provisions of said will.

It is alleged in the bill, and insisted in the argument, that the bequest of the interest accruing from said fund for the sole and separate use of complainant, Malvina, with the power to dispose of the principal fund by deed or will, was in legal effect an absolute gift to her, and invested her with a right to the absolute possession and enjoyment of the fund

in her own right, and that she is entitled to recover the same from the trustee.

The trust created by this clause of the will is an active or special trust, imposing the duty upon the trustee to invest the funds in bonds, etc., or to loan it upon a particular kind of security (real estate), and apply the annual dividends or interest to the sole and separate use of the complainant: 1 Perry on Trusts, sec. 19. The complainant took no title to the corpus of the fund during her life, that being vested in the trustee. Her power of disposition is restricted to one of two modes, and neither to take effect until her death. A trust estate terminates when the purpose for which it was created is accomplished: Perry on Trusts, sec. 312; 3 Tenn. Ch., 199; 1 Sneed, 304; 4 Cold., 25. The obvious purpose for which this trust was created was to preserve the *corpus* of the fund against the improvidence or extravagance of complainant and her husband, and thus secure the income or dividends to her use during her life; only upon the termination of which has she any power of disposition, and then only in the mode designated by the will.

The chancellor held that complainants were not entitled to the fund, and dismissed their bill. It was stated at the bar by complainants' solicitor that the Referees had reported that his decree should be affirmed, but neither the report, or the exceptions to it, are with the record, and we are unable to see upon what grounds it was based, but for the reasons above stated we affirm the decree.