FLORENCE VERDIN, Respondent, v. WILLIAM B. SLOCUM et
al., SAMUEL M. THOMPSON, Purchaser, Appellant.

H. died seized of certain premises subject to a mortgage; he left a will by
which he devised his estate, including said premises, to his executors in
trust to divide the same into three parts; as to one part he provided as
follows: "I direct my said trustees to permit and suffer my son, William
B. Slocum, to have, receive and take the rents, issues and profits thereof
for the term of his natural life; and after his decease I give, devise and
bequeath the same part or share to the heirs-at-law of my said son."
*Held,* that the trust so attempted to be created was a passive one, and so
was invalid; that the son took a life estate, upon which a judgment
against him was a lien; that, therefore, the judgment-creditor was a
necessary party to an action to foreclose the mortgage; and, he not hav-
ing been made a party, that a purchaser on foreclosure sale was entitled
to be released from his purchase.
*Verdin* v. *Slocum* (9 Hun, 150) reversed.

(Argued November 20, 1877; decided December 4, 1877.)

APPEAL from an order of the General Term of the Supreme
Court, in the second judicial department, affirming an order
of Special Term denying a motion upon the part of Samuel
M. Thompson, purchaser at a sale under the judgment herein
to be relieved from his purchase. (Reported below, 9 Hun,
150.)

This action was for the foreclosure of a mortgage upon
certain premises in Rockland county.

The facts appear sufficiently in the opinion.

*Erastus F. Brown,* for appellants. The General Term
erred in holding that under the will the trustees held the
entire legal estate. (*Bruner* v. *Meigs,* 64 N. Y., 507; *Ben-
nett* v. *Garlock,* 10 Hun, 328; 4 Kent's Com., 204; *Gurley*
v. *Woodbury,* 42 Vt., 395; *Bland* v. *Williams,* 3 M. & K.,
411.) The interest of the defendants, Hiram B., Nellie and
Florence Stephens under the will was a vested remainder in
fee. (*Cunningham* v. *Moody,* 1 Ves. Sr., 174; *Doe* v. *Mar-
tin,* 4 T. R., 39; *Maundrell* v. *Maundrell,* 7 Ves., 567; *Smith*
v. *Ld. Camelford,* 2 Ves. Jr., 698; Fearne Con. Rem., 226,

233; Sugd. on Powers, chaps. 2 and 4; 2 Ld. Raymd., 1150; *Madoc* v. *Jackson*, 2 Bro. C. C., 588; 10 Ves. Jr., 265; *Williams* v. *Holmes*, 4 S. C. Eq., 483; 2 Redf. on Wills, 627; *Hawley* v. *James*, 5 Paige, 318; *Lawrence* v. *Bayard*, 7 id., 70; *Chism* v. *Keith*, 1 Hun, 589; *Embury* v. *Sheldon*, N. Y. W'kly Dig. March 12, 1877; *Moore* v. *Little*, 41 N. Y., 72; *Sheridan* v. *House*, 4 Abb. Ct. of App. Dec., 218; *Moore* v. *Little*, 41 N. Y., 66; *White* v. *Howard*, 46 id., 144; 1 Jarm. on Wills, 523–525; *Wright* v. *Trustees*, 1 Hoff. Ch., 202, 218, 219; 2 Kent's Com. [11th ed.], 230; 2 Story's Eq., § 1219; *Stagg* v. *Jackson*, 1 N. Y., 206; *Bennett* v. *Garlock*, 10 Hun. 328; *Doe* v. *Martin*, 4 T. R., 39–63; *Carver* v. *Jackson*, 4 Pet., 1–90; *Marice* v. *Marice*, 43 N. Y., 303; *Skinner* v. *Quinn*, id., 99.) Said defendants were necessary parties to the action. (*Mead* v. *Mitchell*, 17 N. Y., 213; *Glover* v. *Haws*, 19 Abb. Pr., 161, note 4; Code, § 116.) A judgment-creditor of defendant, William B. Slocum, was a necessary party to the action. (*Bruner* v. *Meigs*, 64 N. Y., 507; *Jarvis* v. *Babcock*, 5 Barb., 139; *Boynton* v. *Hoyt*, 1 Den., 53; *Hawley* v. *James*, 16 Wend., 61, 114; *Vernon* v. *Vernon*, 53 N. Y., 360; *Beekman* v. *Bonsar*, 23 id., 298.)

*Andrew Fallon*, for respondent. The legal estate vested in the trustees and executors named in the will. (2 R. S. [6th ed.], 1109, § 73; *Beekman* v. *Bonsar*, 23 N. Y., 314; *Vernon* v. *Vernon*, 53 id., 359; *Leggett* v. *Perkins*, 2 id., 297; *Bramhall* v. *Ferris*, 14 id., 41; *Noyes* v. *Blakeman*, 2 Seld., 567.)

EARL, J. The appellant Thompson, the purchaser, at a mortgage foreclosure sale, seeks to be released from his purchase upon the claim that the proceedings in the foreclosure action above entitled, are so defective as not to give him a good title. He insists upon several defects, but one of which it will be necessary to consider, and that is, that a judgment-creditor of William B. Slocum should have been made a party to the action. Hiram Slocum died seized of the mortgaged prem-

ises subject to the mortgage. He left a will in which he devised his estate, including these premises, to his executors upon trust that they should divide the same into three parts; and, as to one-third part, he provided as follows: " I direct my said trustees to permit and suffer my son William B. Slocum to have, receive and take the rents, issues and profits thereof for the term of his natural life; and after his decease, I give, devise and bequeath the same part or share to the heirs-at-law of my said son." It is claimed on the part of the plaintiff, that these provisions created a valid, express trust, and hence that the legal title was vested in the trustees, and that the judgment did not become a lien upon the one-third thus devised, and hence that the judgment-creditor was not a necessary party, and this was the view taken in the court below. On the part of Thompson it is claimed that the trust was invalid, and hence that William B. Slocum took a life estate in the land upon which the lien of the judgment attached, and hence that the judgment-creditor should have been made a party, and this claim we believe to be well founded. The trust attempted to be created is a passive one, and condemned by the statute. The trustees had no active duties to discharge. They were not " to receive the rents and profits of lands, and apply them to the use " of William B. Slocum, or to pay them over to him. (1 R. S., 729, § 55.) But they were directed " to permit and suffer " him " to have, receive, and take the rents " and profits. They had no discretion to exercise. They could not refuse the permission, and they could in no way exercise any control over the rents and profits. That such a trust is condemned by the statute has never been doubted. (*Parks* v. *Parks*, 9 Paige, 107; *Jarvis* v. *Babcock*, 5 Barb., 139; *Beekman* v. *Bonsor*, 23 N. Y., 298, 314, 316.) William B. Slocum was entitled to the possession of the land and to the rents and profits thereof, during his life, and hence the statute vests the legal title in him for the same term. (1 R. S., 727, §§ 47, 49; *Craig* v. *Craig*, 3 Barb. Chy., 77.) It follows, therefore, that the judgment was a lien, and that the life estate was

affected thereby, and for this defect the motion should have been granted.

The orders of Special and General Terms must be reversed, with costs in the Supreme Court and this court to be paid by the plaintiff to Thompson.

All concur.

Ordered accordingly.