SAMUEL HENDERSON *v.* W. H. S. HILL *et al.*

1. TRUSTEES. *Interest which they take.* The doctrine in this State is, that · trustees take that quantity of interest which the purposes of the trust requires.

2. SAME. *Limitation of trust estate in fee.* An express limitation of the trust estate in fee, created by deed in land, will not be cut down to a less estate where the fee is required for the purposes of the trust, nor, *it seems,* in any case, unless the limitation be restrained by the terms of the deed to so much of the trust as relates to the equitable estate under a fee.

3. SAME. *Special or active trust.* A trust in fee in land, created to protect the estate for a prescribed period, and to preserve contingent remainders, is a special or active trust which is not executed in the beneficiaries either under the statute of uses, or the law as settled in this State.

4. SAME. *Trust. Legal and equitable estates. Execution operates. When.* An execution only operates upon an· estate in which the legal title is coupled with the beneficial interest, or in which the legal and equitable interests are merged by law in the same person, or so combine in him that he has a right to call for an immediate conveyance of the

legal estate; but there can be no merger nor right to call for the legal estate, where the legal and equitable estates are not commensurate, or where their union would be contrary to the intent of the grantor.

5. SAME. *Same. Execution will not operate. When.* An execution, therefore, will not operate on land conveyed in fee by deed to a mother in trust for her own use during life or widowhood, and, upon her death or marriage, to be conveyed by the trustee to such of her three daughters named as may then be living, and the children of such of them as may be dead, or, if the daughters be all dead, to their descendants *per stripes,* and, if no living descendants, to the grantors, the ultimate contingent remainder being conveyed by the grantor to the mother.

---

FROM SHELBY.

---

Appeal from the Chancery Court at Memphis. W. W. McDowell, Ch.

Smith & Collier for complainant.

J. G. & H. P. Wallace for defendants.

Cooper, J., delivered the opinion of the court.

By this ejectment bill the complainant, Henderson, seeks to recover from the defendant, Hill, a tract of land near the city of Memphis, containing about twenty acres. Both parties claim under the same title; the complainant, as a purchaser of the land at execution sale, and the defendant, by conveyance from the execution debtor. The chancellor, on final hearing, dismissed the bill, and complainant appealed.

On the 3d of October, 1853, the land in controversy was conveyed to Elizabeth M. Currin, her heirs and assigns forever, by deed, to have and to hold, to her, her heirs and assigns forever, upon the follwing

trusts, that is to say, "for and during the present widowhood of the said Elizabeth M. Currin, or for and during her natural life if she shall not again marry, in trust for the only proper use and benefit of herself, the said Elizabeth M. Currin; and upon the further trust that, at the marriage of the said Elizabeth M. Currin, if she shall again marry, or at her death, if she shall not again marry, that the said land be conveyed in fee to (her daughters), Sarah P. Currin, Eveline M. Currin and Catherine Currin, or such of them as shall be living then, and the child or children of any one or more of them, the child or children of a deceased one to take the share of its or their parent; and in case all three of said Sarah P., Eveline M., and Catherine, shall be then dead, some one or more of them leaving descendants at the death or marriage of said Elizabeth M., then the said land to be conveyed to the said descendants in fee *per stripes;* but if at the marriage or death of the said Elizabeth M., all of the said Sillie P., Eveline M., and Catherine, shall be dead, and there shall be then no living descendants of any of them, then said land shall be forthwith conveyed back in fee to the grantors. And upon this further trust, that, in the event the said Elizabeth M., shall marry or die before the youngest of said Sarah P., Eveline M., and Catherine, living at such marriage or death of the said Elizabeth M., shall arrive at the age of twenty-one years, or marries, that from such death or marriage of the said Elizabeth M., until the youngest of said Sarah P., Eveline M., and Catherine living, shall ar-

rive at the age of twenty-one years or marries, in trust for the said Sarah P., Eveline M. and Catharine, but not subject to sale or partition; and if no one of said Sarah P., Eveline M., and Catherine, shall marry or arrive at the age of twenty-one years, then the said land shall be conveyed back in fee to the grantors."

On December 7, 1857, the same grantors, by deed of that date, reciting the previous conveyance, "bargained, sold, released and relinquished to the said Elizabeth M. Currin, her heirs and assigns forever, all and every right or interest, in present or future, that they may have, or might hereafter have, in and to the piece of ground described, and also any and all conditions, limitations and reservations in behalf of themselves, and, so far as they legally may, in behalf of others that may be contained in the deed of the 3d of October, 1853; it being the true intent and purpose of this instrument, so far as the said parties of the first part legally may, to disembarrass the said Elizabeth M., of all hindrances in any application that she may make to any court having jurisdiction of the subject-matter, in her own name and that of her said children, for the sale of the land, and the re-investment of the proceeds thereof, in such manner as may be found or decreed to be most advantageous for the interest of herself and her said children."

In the month of March, 1853, a bill was filed in the chancery court of Williamson county, in which county the said Elizabeth M. Currin and her children then resided, by Randall M. Ewing, as guardian of the three children, who were minors, against the mother

and children for the purpose of having the said land sold because for the interest and necessary for the support of the beneficial owners, such proceedings were had in the cause that a decree was rendered authorizing a sale of the land, but the execution of the decree was postponed from time to time in the hope of an enhancement in the value of the property. At last, when the order of sale was about to be peremptorily enforced, the defendants brought the case into this court, where it was heard on the 29th of February, 1872.

In the meantime, on March 18, 1868, J. & M. House had recovered a judgment in the circuit court of Williamson county against Elizabeth M. Currin and Sarah P. Currin for $5031.95. On May 19, 1868, an *alias* execution issued on this judgment, and was, on the 25th of the same month, levied upon the interests of Elizabeth M. and Sarah P. Currin in the land in controversy, the levy not stating what the interest of either debtor was. On July 8, 1868, the said Elizabeth M., and Sarah P. Currin filed what is called a supplemental bill in the original case of Randall M. Ewing, guardian, against J. &. M. House, for the purpose of enjoining further proceedings under the said execution and levy, until the land could be sold under the decrees in said original cause. An injunction was granted accordingly, which the chancellor refused to dissolve. The proceedings under this supplemental bill was taken up to the Supreme Court at Nashville with the original cause.

Upon the final hearing of these cases by the Su-

preme Court on February 29, 1872, the court was of opinion that the original bill had been improvidently filed and dismissed it, The court also dismissed the supplemental bill at the' cost of the complainants therein. At the same term, W. H. S. Hill, who had been the clerk of the chancery court of Williamson county during a part of the time when the original cause above mentioned was pending in that court, and afterwards a special commissioner in said cause, filed a petition for a rehearing thereof, upon the ground that he had, under the orders of the chancery court, advanced money for the benefit of the said Elizabeth M. Currin and her children, and had an interest in the litigation. The only entry on the minutes of the court at that term touching the petition, is simply that Hill comes and files it for a rehearing of the cause. On February 13, 1875, this petition was dismissed by the court upon the ground that the petitioner was not a party to the cause.

On March 13, 1875, Elizabeth M. Currin and Sarah P. Currin sold and conveyed their interest in the land in controversy to W. H. S. Hill, by deed duly registered, on the 15th of that month. Hill went into possession of the land, and claims under this deed.

On February 17, 1873, J. & M. House transferred to the complainant, Henderson, their judgment against Elizabeth M. and Sarah P. Currin. On the 27th of July, 1875, complainant took out a *renditioni exponas* for the sale of the land under the original levy of the 25th of May, 1868. And, on August 3, 1875, he sued out a *pluries fieri facias* on the judgment. Both

of these writs seem to have been placed in the hands of the sheriff of Shelby county, who levied the *fieri facias* on the interest of the judgment debtor in the land in controversy, describing the interest of Elizabeth M., as a life estate in the whole tract, and the interest of Sarah P., as a remainder in an undivided one-third. On the 18th of October, 1875, the sheriff sold the land at public vendue to the complainant, and afterwards made him a conveyance by separate deeds of the interest of each debtor, reciting. the sale as having been made both under the *venditioni exponas* and the *fieri facias.* The formal return of the sale is on the *fieri facias.*

It sufficiently appears that Elizabeth M. Currin has never married again, and is still living; that Sarah P. Currin and Eveline M., are also living, the latter having intermarried with Bellville Temple; that Catherine Currin is dead, having first made a will, devising her interest in the land in trust for her mother and her sister Sarah. The youngest child, it may fairly be presumed, though the fact does not positively appear, arrived of age before her death. The fact is not material to the complainant's rights, who only claims the specific interest of the execution debtor sold and conveyed to him.

The deed of October 3, 1853, in the events which have happened, conveyed the land in controversy to Elizabeth M. Currin, her heirs and assigns forever, in trust for her own use and benefit during widowhood or life, and, upon her marriage or death, "to be conveyed in fee to her three daughters, or such of them as shall be

living then," and the child or children, if any, of such as may be dead, who shall take the share of the parent, and if all three of the children be then dead, to the descendants of any of them *per stripes,* and if no descendants, then to be re conveyed in fee to the grantors. The deed of December 7, 1857, conveys the contingent interest of the grantors to Elizabeth M. Currin. That instrument does not otherwise affect the previous deed.

By the original and subsequent deeds, the fee of land is vested in Elizabeth M. Currin in trust for herself during life or widowhood, and then to be conveyed to her children, or their descendants, as the case may be, living at the termination of her estate, and if no child or descendant, then to her heirs. In other words, there is a trust in fee created to protect the estate for a given time, and to preserve contingent remainder. Such a trust is a special or active trust, not within the statute of uses, nor executed in the beneficiaries under the law as settled in this State: Perry on Trusts, sec. 305; *Hooberry* v. *Harding,* 3 Tenn. Ch., 677; *Force* v. *Brown,* 32 N. J. Eq., 118; *Heidenburgh* v. *Blair,* 30 N. J. Eq., 645. And see *Verdin* v. *Slocum,* 71 N. Y., 345; *Donovan* v. *Van De Mark,* 78 N. Y., 244. "The established doctrine of this State is, that trustees take exactly that quantity of interest which the purposes of the trust require: Per McKinney, J., in *Ellis* v. *Fisher,* 3 Sneed, 234. The question, as a general rule is, not what estate the language used will convey to the trustee, but what interest the exigencies of the trust demand:

*Harding* v. *St. Louis Life Ins. Co.*, 2 Tenn. Ch. 647. And *this*, whether the trust be erected by will (*Smith* v. *Metcalf*, 1 Head, 68; *Bowers* v. *Bowers*, 4 Heis., 302), or by deed: *Aiken* v. *Smith*, 1 Sneed, 304; *Williamson* v. *Wickersham*, 3 Cold., 32; *Park* v. *Cheek*, 4 Cold., 20. In the case of a deed, it has been held that an express limitation of the trust estate in fee of land will not be cut down to a less estate merely because a fee in the trustee is not necessary for the purposes of the trust, but the limitation must be itself restrained by the terms of the deed to so much of the trust as relates to a lesser estate: *Smith* v. *Thompson*, 2 Swan; 386, 389; *Watkins* v. *Specht*, 7 Cold., 585. Whether this distinction is sound or not, there can be no doubt that an express limitation of the trust estate in fee will not be cut down to a less estate when the fee is required for the purposes of the trust: *Gardenhire* v. *Hinds*, 1 Head, 403. And the fee, as we have seen, is necessary where the object of the limitation is to preserve contingent remainders during the existence of the previous estate, and secure a conveyance of the entire estate upon the happening of the contingency.

An execution, in this State, only operates upon a legal estate: *Springer* v. *Smith*, 3 Lea, 737. There must be some beneficial interest in the debtor, not a mere naked legal title: *Thomas* v. *Walker*, 6 Hum., 93. If the legal title and the beneficial interest combine in the same individual, the estate, both by the statute of 29 Charles 2, and by our statutes, may be reached by execution, as in the case of resulting trusts.

3—VOL. 9.

But this doctrine only applies in cases of merger or where the *cestui que trust* has the whole beneficial interest, with the right to call for an immediate conveyance to him of the legal estate: *Russell* v. *Stinson*, 3 Hayw., 1; Freem. on Ex., sec. 190. It does not apply when the limitation in fee must be kept alive for the purposes of the trust. And there can be no merger where the legal and equitable estates are not commensurate: Perry on Trusts, sec. 13. Or where the merger would be contrary to the intent of the grantor: *Id.* sec. 347. In this view, neither the trust estate, nor the beneficial interest created by the original trust conveyance of the land in controversy could be reached by the execution of the complainant. And the weight of authority seems to be that even a legal contingent remainder is not subject to execution: Freem. on Ex., sec. 178.

This conclusion renders it unnecessary to consider whether the decree of the Supreme Court of February 29, 1872, was suspended, and the injunction against proceedings under the levy of the House execution was kept alive by the filing of the petition by Hill, who was no party to the suits, without any order of the court on the subject; or whether the original levy was abandoned by suing out a new execution. It is probable that both points would be ruled against the complainant.

Affirm the decree with costs.