### MOOREHOUSE *v.* HUTCHINSON.

*(Supreme Court, Special Term, New York County. July 14, 1888.)*

1. TRUSTS—VALIDITY—CONSTRUCTION OF WILL.
   Testator devised real estate to his wife for life, remainder to be equally divided between his children, and directed her to execute a conveyance of the shares of his two daughters to a trustee named, to take effect after her death, for their separate use, which was done accordingly. *Held,* that the trust was passive, and therefore void, and that the statute of uses vested in such daughters the legal title to their shares.

2. SAME—RIGHT OF BENEFICIARIES TO QUESTION VALIDITY—ORDER OF GENERAL TERM.
   A decree of the general term revoking the letters testamentary which had been issued to such wife, and removing her as trustee, does not preclude the daughters from questioning the validity of such trust, the will having contained other trusts.

*Oliver J. Wells,* for plaintiff.　*Henry C. Butler,* for defendant.

LAWRENCE, J. I do not regard the decision of the general term, upon the appeal taken by Mary Ann Hutchinson, the executrix, from the decree of the surrogate revoking the letters testamentary issued to her, and removing her as trustee, as precluding the plaintiff in this action from questioning the validity of the trust contained in the seventh clause of the will of Hiram Hutchinson, deceased. There are several trusts contained in that will, either one of which would be sufficient to support the reasoning upon which the determination of the general term proceeded. That decision must be regarded as establishing that Mrs. Hutchinson, under said will, became a trustee, and that therefore, in a proper case, it was within the power of the surrogate to remove her, and also as establishing that such case had been made out before the surrogate. No expression of opinion is given as to the force or effect of the different trusts, nor as to their character, whether active or passive. The second and seventh paragraphs of the will are as follows: *Second.* I bequeath and devise all of my property, real and personal, to my wife, Mary Ann Hutchinson, for the term "of her natural life, and after her death to be equally divided between my children, viz., Alcander Hutchinson, Sarah Elizabeth Southgate, wife of the Rt. Rev. Bishop Southgate, Mary Frances Moorehouse, Hiram Hutchinson, Jr., and Charles Louis Richard Hutchinson, in such proportion as, taking into account the sums already paid or advanced to them, or hereafter advanced to them under the provisions of this will, shall give them equal shares. Nevertheless, and always provided, that the bequest and devise of the said property, for the term of her natural life, to the said Mary Ann Hutchinson, is intended to be and shall operate as a trust, for the uses and purposes hereinafter declared, and that the trusts hereinafter created shall be a charge both upon the incomes of the property and on the body of the estate herein conveyed, both real and personal, and of every kind and description." *Seventh.* "In trust that the said Mary Ann Hutchinson shall, by proper form of conveyance executed to take effect on her death, convey the interest of my two daughters devised to them under this will, to Alcander Hutchinson, in trust, for their sole and separate use. Also conveying and setting aside in like manner, for their separate use, any sums of money devised to them from my estate by payments, gifts, or appropriations, made to or for them by the said Mary Ann Hutchinson after my death, from the incomes accruing to her from her life-estate." It is quite apparent from the provisions contained in the second paragraph above referred to, and also from the provisions of the eighth paragraph of the will, that it was the intention of the testator that upon the death of Mrs. Hutchinson the testator's estate

should be distributed equally, and that his children should be made "equal each one to the other." Mrs. Hutchinson died on the 10th of March, 1887, having long prior thereto, pursuant to the directions of the seventh clause of the will, executed a deed to Alcander Hutchinson of the share or interest "derived or devised" under the will to the plaintiff in this action. The plaintiff now claims that the trust contained in the seventh paragraph of the will is passive, and therefore void; that she is entitled to a judgment against the said defendant to that effect; and that he account for, deliver, and convey all the property held by him as such alleged trustee, together with the accumulations thereof. It was long ago settled that a *feme covert*, with respect to her separate estate, is to be regarded in a court of equity as a *feme sole*, and that she might dispose of her property without the consent or concurrence of her trustee, unless specially restrained by the instrument under which she acquired her separate estate. *Jaques* v. *Methodist Church*, 17 Johns. 548. See, also, *Jervoise* v. *Duke of Northumberland*, 1 Jac. & W. 559, 575; 2 Story, Eq. Jur. § 979. It was also held that where the absolute beneficial interest in the trust was given to the separate use of a married woman, without any restriction or direction as to the mode of possession or enjoyment, or in such manner that the statute of uses would execute the use or title in her, if it was real estate, she would be entitled to call upon the trustees for an immediate conveyance or transfer of the legal title to her. See 2 Perry, Trusts, (3d Ed.) § 667, p. 273, and cases cited, See, also, Tiff. & B. Trusts, 686. In *Rawson* v. *Lampman*, 5 N. Y. 456, it was held that where a conveyance of land is made to one person in trust for the use and benefit of another, his or her heirs and assigns, without limitation, no estate or interest vests in the trustees, but the entire estate, legal and equitable, vests in the person to whose use the conveyance is made, subject, however, to such conditions as would have attached to the legal estate had the title vested in the trustee according to the terms of the deed. The court cited the forty-sixth and forty-seventh sections of the Revised Statutes, "Of Uses and Trusts." That case was approved in *Fisher* v. *Hall*, 41 N. Y. 424, and so far as I have been able to discover it has never been questioned as a correct exposition of the law. See, also, *Woodgate* v. *Fleet*, 64 N. Y. 566; *Verdin* v. *Slocum*, 71 N. Y. 345. In that case the will provided as follows: "I direct my said trustees to permit and suffer my son, William B. Slocum, to have, receive, and take the rents, issues, and profits for the term of his natural life, and after his decease I give, devise, and bequeath the same part or share to the heirs at law of my said son." It was held that the trust so attempted to be created was a passive one, and was invalid, and that the son took a life-estate, upon which a judgment against him was a lien. See, also, *Bank* v. *Holden*, 105 N. Y. 415, 11 N. E. Rep. 950; *Helck* v. *Reinheimer*, 105 N. Y. 470, 12 N. E. Rep. 37. Under the seventh paragraph of the will, the grantee, Alcander Hutchinson, has no power to do anything. He is not to receive the rents, issues, or profits of the share intended for Mrs. Moorehouse, nor of that of her sister. He is not to apply them to their use or maintenance. I cannot but conclude, therefore, that the alleged trust created in the seventh clause of the will is a mere passive trust, and therefore void. The cases cited by the learned counsel for the defendant do not contain anything adverse to the views expressed in the cases heretofore referred to. In *Ward* v. *Ward*, 105 N. Y. 68, 11 N. E. Rep. 373, duties were imposed upon the executors as trustees, which made the trust active and not passive. In *Donovan* v. *Vandemark*, 78 N. Y. 244, it was held that it was not necessary, under the statute, in order to create a valid trust, that the trust should be stated in the very words of the statute. In that case all the testator's real and personal estate was given in trust for the necessary support and maintenance of the testator's son during his natural life, and after the son's death the estate was devised and bequeathed to the children of the son. The executor was also authorized to sell certain of the real estate. The court there

held that the will gave to the trustee, directly or inferentially, power to manage the estate and receive the rents and profits, and apply them, according to his judgment, in the support and maintenance of the son, and that therefore a valid trust was created, and a legal title vested in the trustee.   No such feature exists in this case.   Alcander Hutchinson is not required or authorized to receive the rents and profits of the property conveyed to him, nor is he to apply them or hold them for the support or maintenance of the plaintiff, or to any one for her benefit.   See case last cited, at page 247.   *Morse* v. *Morse*, 85 N. Y. 53, was a case directly within the provisions of the statute, the trustees being directed to annually pay the interest of one-sixth of the residuary estate to the son of the testator, in whose behalf the trust was created.   The same remark applies to the case of *Moore* v. *Hegeman*, 72 N. Y. 376, where the will directed that a specific sum out of the rents, issues, and profits of each share of the estate, during the minority of the child for whose benefit it was held, "shall be applied to his or her education, support, etc.," the court holding that the words "applied" and "paid over," as used, were substantial equivalents, and that the trust was within the provision of the statutes of uses and trusts, relating to express trusts.   1 Rev. St. 730; *Moore* v. *Hegeman*, 72 N Y. 376.   In the view above taken it is entirely immaterial whether the testator intended to use the word "derived," in the seventh paragraph of the will, or whether, as the plaintiff contends, that word was by a clerical error used instead of "devised."   Either word is sufficiently descriptive of the interest of his daughters in his estate, which the testator directed his wife to convey to his son Alcander for the sole and separate use of each of the daughters.   On the authorities above cited, I am of the opinion that the plaintiff in this case is entitled to the relief for which she prays, and judgment will be rendered accordingly.   Findings will be settled on two days' notice.