### VERMONT MARBLE CO. v. WILKES.

(Supreme Court, Special Term, New York County. June 11, 1894.)

SUPPLEMENTARY PROCEEDINGS—RIGHT OF RECEIVER TO RENTS.

Under Code Civ. Proc. § 2468, declaring that real property of a judgment debtor is vested in the receiver from the time the order appointing him is filed in the county where the real property is situated, the receiver is entitled to the rents of realty not occupied by the debtor himself, and it is a contempt of court for the debtor to interfere with the collection thereof by the receiver.

Action by the Vermont Marble Company against Wilkes. Plaintiff moves to punish defendant for contempt. Granted.

Robert J. Mahon, for plaintiff.
James Kearney, for defendant.

ANDREWS, J. It has been held that, where a judgment is a lien upon real estate, the creditor must first endeavor to collect the judgment by the sale of the property under an execution, and that the court will not order the defendant to deliver possession of the property to the judgment creditor. Bank v. Gaynor, 67 How. Pr. 421; Bank v. Martin, 49 Hun, 571, 2 N. Y. Supp. 215. Nevertheless, section 2468 of the Code declares that the real property of the judgment debtor is vested in the receiver from the time when the order appointing the receiver, or a certified copy thereof, is filed with the clerk of the county where such property is situated. It appears by the moving papers that the order appointing the receiver has been filed in Kings county, where certain real property of the debtor is situated, but that he has forbidden the tenants to pay their rents to the receiver, has forcibly prevented the receiver from ascending the stairs of one of the houses by pushing him away with his hands, has prevented the receiver from entering another of the houses by closing and locking the door thereof; and, although the debtor has been shown a certified copy of the order appointing the receiver, he has prevented the latter from performing his duties as such receiver. It may be true that the receiver cannot of his own accord sell such property, and that the court will not direct him to sell the same, thereby depriving the debtor of the right to redeem, which he would have if the property were sold under an

execution; and it may also be true that, under the decision above cited and some others, the court would not, if it were asked to do so, direct the debtor, if he were occupying the premises, to deliver possession thereof to the plaintiff. The premises, however, are not occupied by the debtor himself, but by certain tenants; and, as the title of the property is vested in the receiver, it seems to me that the latter is entitled to receive the rents; and that, if an application were made under rule 78, the court would, of course, direct the tenants to attorn to the receiver. Under these circumstances, the active interference of the debtor in preventing the tenants from paying their rent to the receiver, and in preventing the receiver from entering upon the premises and from performing his duties, is a contempt of court. An order may be entered imposing a fine of $100 upon the debtor, and directing that he be committed until the same shall be paid. The order will be settled on notice.