(63 Misc. Rep. 604.)

### SHULER et al. v. SHULER et al.

(Supreme Court, Special Term, Montgomery County. June, 1909.)

1. WILLS (§ 686*).—CONSTRUCTION—TRUST—SURVIVORSHIP.

　　Testatrix devised her real estate in trust, during the life of her two sons, to allow them or either of them to occupy such portion thereof as they might desire without rent, and to rent any part not so occupied, and to pay the net rent to the sons; on the death of both sons the property to pass to their issue then surviving. *Held*, that on the death of one of the sons the survivor had the use of all the estate during his life, and that the issue of the deceased son took no estate until the death of the survivor.

　　[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1631–1637; Dec. Dig. § 686.*]

2. WILLS (§ 697*)—SUIT TO CONSTRUE—WHO MAY BRING.

　　Under Code Civ. Proc. § 1866, providing that the construction of a will or extent of an interest in property which would descend to the heir of an intestate may be determined by an action for that purpose, the infant children of the deceased son, who had a life interest in the estate, may sue to construe the will.

　　[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1671–1675; Dec. Dig. § 697.*]

Action by Emily L. Shuler and William G. Shuler against James M. Shuler and others to construe a will. Decree rendered.

Matthew Dwyer, for plaintiffs.
Henry V. Borst, for defendants.

VAN KIRK, J. This action is brought for a judicial construction of the will of Hannah Shuler, to the end that it may be adjudged and determined whether or not the provisions, being the third and fourth "items" of the said will, wherein and whereby a trust is attempted to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be created in the real property of the testatrix, are legal and valid, and that it may be determined that the plaintiffs herein are entitled, during the life of James M. Shuler, to share equally with him in the rents, issues, and profits of the real estate; also that the shares and rights and interests of all the parties to this action in and to the said real estate, and the rents, issues, and profits thereof, may be adjudged and determined under said will, and that the plaintiffs may have such other and further relief as may be just and equitable.

Hannah Shuler died in the city of Amsterdam in 1899, leaving two sons, James M. Shuler and George W. Shuler, her only heirs at law and next of kin. She left a last will, which was dated November 13, 1889, and which was admitted to probate by the surrogate of Montgomery county, March 11, 1899. A copy of the will, marked "Exhibit A," is annexed to the complaint. The executor named in the will never qualified. On or about the 15th of July, 1908, letters of administration with the will annexed were granted to George W. Shuler, a son of said James M. Shuler. The said George W. Shuler, one of the sons of Hannah Shuler, died intestate on or about the 1st day of June, 1908, leaving, him surviving, his widow, Mary Shuler, and his two children, Emily L. Shuler and William G. Shuler, who are the plaintiffs in this action. They are minors; and Mary Shuler, their mother, was, on or about the 28th day of July, 1908, duly appointed their guardian for the purposes of this action. The defendants Ada C. Shuler, Anna H. Shuler, and Sophia Shuler are the children of the aforesaid son of James M. Shuler, the son of Hannah Shuler.

At the time of her death Hannah Shuler was the owner of certain real estate situated in the city of Amsterdam, Montgomery county, N. Y., consisting of two parcels of land, on one of which is a building at the corner of Wall and Division streets, containing two stores and dwellings, and on the other is a two-family dwelling house, No. 40 Wall street. A description of the property is contained in the complaint. After the death of Hannah Shuler, and up to the death of George W. Shuler, the two brothers, George and James, occupied the real estate, and controlled and managed it jointly. Since the death of George W., his widow and two children have occupied a portion of the real estate, as it is claimed by the defendants, under the license and permission of James M. Shuler. As it is claimed by the plaintiffs, it has been so occupied as of right. But the plaintiffs have received no part of the rents, issues, and profits of the real estate; and the defendant James M. Shuler claims the entire use and benefit of the real estate during his life.

The two "items" of the will called in question are the third and fourth, as follows:

"Item. I give and devise unto my executor hereinafter named all the real estate of which I may die seised, in trust, however, for and during the term of the natural life of each of my aforesaid two sons, for the following uses and purposes, to wit: I direct my said executor to allow my sons or either of them to use, occupy and enjoy such portion of my real estate as they or either of them may desire, without paying any rent therefor.

"Item. In case any portion of my said real estate may not be occupied by my said sons or son, then and in such case I direct my executor to rent the same and to pay the net rent thereof to my said two sons share and share alike."

The next "item" of the will, which is not, however, called in question by the complaint, is:

"Item. Upon the death of both of my said sons, I give and devise my real estate to the issue of my said sons then surviving."

For nine years from the death of the testatrix, until the death of the son George, the provisions of the will had not been called in question; and the two sons occupied and used the real estate left by the deceased upon a common understanding of the provisions of the will. The plaintiffs in this action were not the heirs at law or next of kin of the testatrix. Whatever rights they may have under the will of Hannah come under the fifth item, because they are the children of the deceased son George; and by this fifth item, assuming that the third and fourth items do not create a valid trust, it seems plain that the testatrix intended that the two sons, or the survivor of the two, should have the real estate, or its beneficial use, during life, and the children of the two sons should take an interest at the death of the surviving son.

While it is probable that, before the enactment of section 1866 of the Code, this action could not have been maintained by these plaintiffs (Chipman v. Montgomery, 63 N. Y. 221), yet, under section 1866, I think the action is maintainable. The section reads in part as follows:

"The validity, construction or effect, under the laws of the state, of a testamentary disposition of real property situated within the state, or of an interest in such property which would descend to the heir of an intestate, may be determined in an action brought for that purpose in like manner as the validity of a deed, purporting to convey land, may be determined."

This section does not specify who may maintain such an action, but it has been held in Horton v. Cantwell, 108 N. Y. 255, 15 N. E. 546 (quoting from the headnote):

"To authorize an action under said Code for the construction of a will by one claiming the invalidity of provisions therein disposing of real property, there must a disposition of some interest which may possibly be enjoyed in actual possession during the lifetime of the plaintiff, if the provision be decreed invalid."

This provision of the statute is broad enough to permit such an action, and the plaintiffs have an interest which allows them to maintain it. Adams v. Becker, 47 Hun, 65. I hold, therefore, that the court has jurisdiction to hear and determine the action.

It does not seem to me important to determine whether or not the third and fourth items express a valid trust. The real property law (Laws 1896, p. 570, c. 547, § 73) provides:

"Trustee of Passive Trust Not to Take.—Every disposition of real property, whether by deed or by devise, shall be made directly to the person in whom the right to the possession and profits is intended to be vested, and not to another to the use of, or in trust for, such person; and if made to any person to the use of, or in trust for another, no estate or interest, legal or equitable, vests in the trustee. But neither this section nor the preceding sections of this article shall extend to trusts arising, or resulting by implication of law, nor prevent or affect the creation of such express trusts as are authorized and defined in this chapter."

Section 72 provides:

"When Right to Possession Creates Legal Ownership.—Every person who, by virtue of any grant, assignment or devise, is entitled both to the actual possession of real property, and to the receipt of the rents and profits thereof, in law or equity, shall be deemed to have a legal estate therein, of the same quality and duration, and subject to the same conditions, as his beneficial interest."

Section 76 provides:

"Purposes for Which Express Trusts may be Created.—An express trust may be created for one or more of the following purposes: (1) To sell real property for the benefit of creditors; (2) to sell, mortgage or lease real property for the benefit of annuitants or other legatees, or for the purpose of satisfying any charge thereon; (3) to receive the rents and profits of real property, and apply them to the use of any person, during the life of that person, or for any shorter term, subject to the provisions of law relating thereto; (4) to receive the rents and profits of real property, and to accumulate the same for the purposes, and within the limits, prescribed by law."

Section 79:

"When an Authorized Trust is Valid as a Power.—Where an express trust relating to real property is created for any purpose not specified in the preceding sections of this article, no estate shall vest in the trustees; but the trust, if directing or authorizing the performance of any act which may be lawfully performed under a power, shall be valid as a power in trust, subject to the provisions of this chapter. Where a trust is valid as a power, the real property to which the trust relates shall remain in or descend to the persons otherwise entitled, subject to the execution of the trust as a power."

And section 111 provides:

"Definition of a Power.—A power is an authority to do an act in relation to real property, or to the creation or revocation of an estate therein, or a charge thereon, which the owner, granting or reserving the power, might himself lawfully perform."

It is urged, on the part of the plaintiffs, that the trust created by items 3 and 4 is void, on the ground that it is a passive trust and condemned by the statute. While it may be that the trust is invalid because the trustee had no active duty to discharge, and, although directed to take the rents and profits of the property not occupied by the sons, he had no discretion as to what part the sons should be allowed to occupy, or as to what part he should rent, still it seems to be of no interest to the plaintiffs, in view of the meaning of the will; for, if the trust is not valid, it would seem that the disposition is valid as a power in trust, in which case the trustee would not take title to the property, but would be authorized to exercise the power conferred. The title to the real estate vested immediately, then, in the grandchildren, subject to the execution of the trust as a power; or, if the provision should not be held valid as creating a trust or a power in trust, then the sons would be entitled to the possession of the land and all the rents and profits thereof during life, and, therefore, would have a life estate in this real estate, with the title vested in the grandchildren. Verdin v. Slocum, 71 N. Y. 345.

Reading the third, fourth, and fifth items of the will together, I am of the opinion that the intention of the testatrix was as follows: That the real estate should be enjoyed by her two sons, each to have

the right to occupy a portion of the premises, and such part of the premises as was not occupied by the sons for homes should be rented by the executor and the rents be distributed to the two sons share and share alike; that, upon the death of one son, the survivor should have the right to occupy the premises and the benefit of the rents and profits during his life, and, upon his death, the property should go to the children of the two sons then living—that is, at the death of both the sons, share and share alike. The fifth item of the will is:

"Upon the death of both of my said sons, I give and devise my real estate to the issue of my said sons then surviving."

This seems to be a statement, as plain as language could make it, that the issue of the sons did not take an interest in possession until both sons were dead. While the court would feel an inclination to hold that the children of the deceased son should, upon his death, receive the benefit of the share the father had under the will, the court is not permitted to make a new will for the testatrix; and the third item in the will does not convey the impression that the testatrix intended to give to her sons equal rights in the real estate during their lives. She says:

"I direct my said executor to allow my sons or either of them to use, occupy and enjoy such portion of my real estate as they or either of them may desire, without paying any rent therefor."

There is nothing here to indicate that it was intended that each should occupy an equal portion of the property, nor that, if one occupied a more valuable portion than another, the other should receive an allowance from his brother or share any rents that might be had. It does not, therefore, seem important to determine whether or not the title to the real estate vested in the trustee, or whether or not the provisions of the will referred to create a power in trust. In any event, these plaintiffs are contingent remaindermen, and are vested with an interest in the real estate, which interest will come to them in possession upon the death of their uncle, the surviving son of the testatrix; the interest of the said plaintiffs being subject to change, occasioned by the death of a living grandchild of the testatrix or the birth of other grandchildren.

The plaintiffs take the position that the two sons of the testatrix were tenants in common of the rents, issues, and profits of the real property, and plaintiffs are entitled to an equal share of the rents and profits as the heirs at law and next of kin of their father, the deceased son. Under the construction of the will that we have adopted, we do not think this position is tenable. The deceased son did have an interest for life in the use of the rents and profits of the real estate; but his interest terminated with his death. No future interest in the use, rents, and profits of that real estate could survive to the heirs at law and next of kin, after the death of the life tenant.

It seems to me to be the plain intention of the testatrix that, upon the death of one son, the survivor should have the use, rents, and profits of the real estate during his life; and the intention seems plainly expressed in the fifth item that the grandchildren should not take an interest in the real estate, or its use, rents, and profits, until the

death of both sons. The two tenants were to be joint tenants in the use, rents, and profits of the real estate, and not tenants in common. See Matter of Viele, 35 App. Div. 211, 54 N. Y. Supp. 774.

No costs will be allowed to either party. Findings and decision in conformity herewith may be prepared.

Ordered accordingly.