# SUPREME COURT.

BERNARD LEARY agt. GILBERT LEARY *et al.*

*Partition, real estate — title — aliens in possession — escheat.*

Where an owner of real estate dies possessed thereof, leaving a widow and two infant children, also leaving three brothers and one sister, all residing in Ireland and aliens, except one naturalized brother residing here, on the death, a few years subsequently to the owner's death, of the widow and the two infant children, the title to the premises vests absolutely in the naturalized brother, to the exclusion of the other brothers and sisters.

The title to such premises does not escheat to the state, and the possession thereof for twenty years does not ripen into an adverse possession where the occupant has been an alien for five years of that time and not entitled to hold real estate.

*Special Term, April,* 1874.

PRIOR to the year 1837, one Matthew Leary was owner and possessed of the premises mentioned in the complaint.

In April of that year, Matthew Leary died, leaving him surviving a widow and two infant children, all of whom died within a few years after. At the time of the death of the youngest child its heirs at law were John Leary, Bernard Leary and Gilbert Leary, brothers of its father Matthew Leary, and Mary Blake, his sister. All of these brothers, except John, and the sister were aliens, residing in Ireland. John Leary was naturalized in May, 1834. About the year 1852, the said Bernard Leary, Gilbert Leary and Mary Blake came to this country. Gilbert Leary at once entered into the possession of the premises and collected the rents thereof

from that time up to the year 1871, and divided the same into three parts, paying one part to Bernard Leary in his lifetime, and after his death to his widow, the said Bernard Leary having died in 1868, leaving him surviving his widow and two infant children, the plaintiff and the defendant, Thomas Leary ; paying another part to his sister, Mary Blake, and retaining the remaining third part. In February, 1871, the defendant Gilbert Leary conveyed the whole of said premises to his daughter Catharine McCabe, and in the same year the legislature passed an act releasing the interest of the state in said premises. This action is brought by the plaintiff for the partition of these premises, claiming one-eighth part thereof for himself and one-eighth for his brother, and one-quarter each for the defendants Gilbert Leary, John Leary and Mary Blake.

The defendants Gilbert Leary and McCabe claim that they being in exclusive possession of these premises partition cannot be had, and also that by virtue of the act of the legislature the land having escheated to the state, Catharine McCabe is the owner of the same.

*George C. Genet & Geo. J. Pelt*, for plaintiff.

*S. F. Higgins*, for defendants Gilbert Leary and McCabe.

*John T. McGown*, for defendant John Leary.

VAN BRUNT, *J.*—It will be noticed that, at the time of the death of the last of Matthew Leary's children, none of the brothers or sisters of Matthew Leary were citizens, except John. Consequently, the whole of the estate descended upon him, and he became vested with the whole title. The title certainly did not escheat to the state, because there was a naturalized heir who could inherit. It is, also, very clear that the subsequent naturalization of Gilbert Leary, Bernard Leary and Mary Blake, did not divest him, John, of any

portion of this estate; and, for aught that I can see, he is entitled to the whole estate, to the entire exclusion of all the other defendants.

Even if Gilbert had been in exclusive possession since 1852, claiming title, his claim would not have ripened into such a title as to defeat John's, because he could not found an adverse possession by a claim of title for twenty years, when, during five of those years, he was an alien, and could not hold real estate.

It is also clear that, if John did not, and could not, inherit, there was an escheat to the state; and from 1852 to 1867, Gilbert, Bernard and Mary Blake were in possession; and that, in 1867, Bernard Leary, having died, his share was represented by his widow, and Bernard and Thomas Leary, his two sons, then minors. In 1868, the state released to all parties in possession, any lands which it might have claimed had escheated to them, because of the alienage of any person through whom they derived title. This would confirm the title of Bernard Leary and Thomas Leary, because they claimed through their father, who was an alien at the time the descent was cast, but would not apply to any of the others, as it was their own alienage at the time the title descended, which affected their title. Catherine McCabe cannot be said to be holding adversely to the other parties, as her claim to the exclusive possession is so recent that it could not be claimed to have ripened into an adverse possession.

Until 1871, Gilbert Leary, Mary Blake, and the heirs of Bernard Leary, were all in possession; and, almost immediately, when Gilbert refused to account for the rents, as he had formerly done, this action was commenced.

As I have before said, John Leary, being the only citizen, upon the death of the children of his brother Matthew he inherited the whole of the estate. The suggestion that, under the will of Matthew Leary, there was a conversion of the real estate into personalty, is not sustained by the terms

of the will, because the power of sale of the executors was gone because it was not exercised in three years.

I think, therefore, that this action cannot be maintained, and the complaint must be dismissed.

It is a hard case for the other brothers and sister of Gilbert Leary, because it is clear that he has formed the intent to deprive them of what they are, as much as he, entitled to.