CHARLOTTE WAINWRIGHT, Respondent, *v.* WILLIAM G. LOW
et al., Appellants.

Under the provision of the act of 1874 (Chap. 261, Laws of 1874), amend-
ing the act of 1845 (Chap. 115, Laws of 1845), in reference to aliens
taking and holding lands in this state, which provides that if an alien
resident, or a naturalized or native citizen, "has died or shall hereafter
die" holding a conveyance of lands in the state, purchased by such per-
son, and "leaving persons who would answer the description of heirs,"
such persons, whether citizens or aliens, may take and hold the lands as
heirs, etc., the state surrendered its title to lands acquired by escheat
previous to the passage of the act, of which it had not before that time
assumed in any manner to make disposition, where the person to whose
title the state so succeeded, died leaving alien heirs.

By an ante-nuptial agreement, S., in contemplation of the marriage, con-
veyed to a trustee certain lands, the trustee to pay to her the rents and
profits, or at her election to permit her to hold and use the lands during
her life, and upon her death to convey them as she by deed, appointment
or will, "should order, direct or appoint." S. retained possession of the
premises until her death. *Held*, that the ante-nuptial conveyance did
not create a trust within the meaning of the Statute of Uses and Trusts
(1 R. S. 728, § 55), as the power of the trustee to receive and apply the
rents and profits was dependent on the election of S., and she exercised
the right reserved by her to herself take and hold the property; that no
title vested in the person named as trustee (1 R. S. 727, § 47; Id. 728,
§ 49; Id. 729, § 58); and that, therefore, the premises were held and
owned by S. at her decease.

S. died in 1871, intestate and without having executed an appointment or
deed as prescribed in the ante-nuptial agreement. She left the plaintiff,
an alien, her only heir at law. By an act passed in 1876 (Chap. 184,
Laws of 1876), the state released its right and interest in the lands to A.,
the husband of S., with the proviso, however, that nothing therein con-
tained should "affect the right in said real estate of any heir at law."
Before the passage of the act of 1874, no proceeding for escheat had
been taken by the state. The trustee having died, upon petition of A.
a new trustee was appointed by the court, with directions to convey the
premises to A., which was done. In an action of ejectment, defendant
claimed title under said conveyance to A. *Held*, that upon the passage
of said act of 1874, the title vested in plaintiff, which title was not
affected by the act of 1876; that, therefore, A. acquired and conveyed
no title or interest by his deed; and that judgment was properly directed
for plaintiff.

Reported below, 57 Hun, 386.

(Argued March 11, 1892; decided April 19, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 18, 1890, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This was an action of ejectment, brought to recover certain premises situated in the city of Brooklyn.

The premises were conveyed to Sarah Ann Wood in May, 1846. She was then the widow of one Wood, who died in or about the year 1836. She married George G. Ackley July 8, 1846. And shortly before and in contemplation of such marriage, she entered into an ante-nuptial trust deed, in which Ackley and Edward F. Sanderson joined, whereby, in terms, the premises were conveyed to Sanderson in trust to receive, take and hold the rents, issues and profits, and to pay the same or any portion thereof to her, or to such person or persons as she should require or direct for her sole and separate use, or at her election to suffer and permit her to take, hold, receive and use such real estate for her own separate use and benefit, and upon her decease to convey the premises to such person or persons, and for such uses and purposes as she " by deed of appointment or instrument in the nature of a last will and testament, under hand and seal duly made and executed in the presence of two or more witnesses," should " order, direct or appoint." Mrs. Ackley continued in the possession of the premises, and she and her husband (Ackley) resided there until her death in 1871, and Ackley continued to reside there until his death in August, 1876.

After her death, a deed bearing date July 8, 1847, having her name subscribed to it, but without any attesting witness or certificate of acknowledgment, was found in her bureau drawer, by the terms of which instrument, after reciting something of the ante-nuptial deed before mentioned, she authorized and directed Edward F. Sanderson to convey the premises to George G. Ackley. The referee found that Mrs. Ackley signed her name to this deed of appointment, but that she didn't do so with the intent to execute and give legal effect to it, and she did not during her life deliver such instrument to

Ackley or Sanderson, or to any other person; but that she retained such paper in her possession to the time of her death. Sanderson died in 1866. In April, 1876, the legislature passed " An Act to release the right, title and interest of the People of the State of New York to George G. Ackley, husband of Sarah Ann Ackley, deceased, in certain real estate situate in the city of Brooklyn, and also in the town of Flatbush in the county of Kings and state of New York." The land in question was included in that mentioned in the act; and by the second section it was provided that " Nothing in this act contained shall be so construed as to affect the right in said real estate of any heir at law." In May, 1876, Ackley, by his petition to the Supreme Court, sought the appointment of a trustee in place of Sanderson, deceased, and direction to him to convey the premises to the petitioner; and such proceedings were thereupon had that David Barnett was appointed such trustee and directed to make such conveyance. The direction was executed. And in July, 1876, Ackley and his wife Margaret Ackley conveyed the premises to one Hunting, who immediately reconveyed them to Mrs. Ackley. She conveyed to one Sayres in February, 1882, and he reconveyed to her in April, 1885. In April, 1885, she conveyed to defendant Low, under whom the other defendant occupied the premises. Mrs. Sarah Ann Ackley died intestate in 1871. The plaintiff, her sister and her only heir at law, was born in England and has never resided in or become a citizen of the United States, but is a subject of the crown of Great Britain. The intestate was also a native of England. Her first husband, Wood, was, at the time of their marriage, a citizen of the United States.

The referee directed judgment for the plaintiff.

Further facts are stated in the opinion.

*William G. Low* for appellants. The deed of appointment was valid, though not acknowledged. (*Strough* v. *Wilder*, 119 N. Y. 530; 86 id. 603, 608; 3 Kern. 509; *Richardson* v. *Pulver*, 63 Barb. 71; 4 Kent's Comm. 333; *Clark* v. *Crego*,

47 Barb. 600 ; *In re Robinson,* 37 N. Y. 261 ; *Milbank* v. *Crain,* 25 How. Pr. 193 ; *In re Waring,* 99 N. Y. 114.) Assuming that Mrs. Ackley died without having executed a deed of appointment, the property passed to her heirs, if she had any capable of inheriting. (2 R. S. 729, 748, §§ 60–68, 81, 82, 83 ; *Luhrs* v. *Eimer,* 80 N. Y. 176 ; *McCanghal* v. *Ryan,* 27 Barb. 376 ; *Ettenheimer* v. *Haffernan,* 66 id. 374 ; *Hanenheim* v. *Lynham,* 100 U. S. 483 ; Laws of 1876, chap. 184.) Lands held in trust, if not devised by *cestui que trust,* descend to his heirs. (1 R. S. 574 ; Gerard on Tit. 365.)

*S. R. Ten Eyck* for respondent. The findings of facts made by the referee are conclusive upon this court, for they are all based upon conflicting or undisputed evidence. (Code Civ. Pro. §§ 992, 993, 1337 ; *Halpin* v. *P. Ins. Co.,* 118 N. Y. 171 ; *Flack* v. *Vil. of Green Island,* 2 N. E. Rep. 267 ; *Vandervoort* v. *Gould,* 36 N. Y. 639 ; *Wood* v. *Wood,* 83 id. 575.) The trust attempted to be created by the ante-nuptial deed executed by Mrs. Ackley was void, and the title to the premises remained in her notwithstanding its execution. (*D. D. Co.* v. *Stillman,* 30 N. Y. 194 ; *In re Livingston,* 34 id. 568 ; *Albrecht* v. *Pell,* 11 Hun, 127 ; *Herman* v. *Roberts,* 64 N. Y. 333 ; *Miller* v. *Wright,* 12 Cent. Rep. 212 ; *Nichols* v. *Walworth,* 4 Den. 385 ; *Watkins* v. *Reynolds,* 25 N. E. Rep. 322.) If a valid power in trust was created by the ante-nuptial trust deed executed by Mrs. Ackley, it did not divest her of her title to the premises. The title remained in her subject to the execution of the power. (*In re Livingston,* 34 N. Y. 568 ; *Allen* v. *De Witt,* 3 id. 278 ; *Barber* v. *Cary,* 1 Kernan, 397 ; *A. F. Ins. Co.* v. *Bay,* 4 N. Y. 9.) The proceedings instituted by George G. Ackley, in the Supreme Court, in May, 1876, by which he obtained a conveyance of the premises, were fraudulently instituted and carried on by him ; and the conveyance that he thereby obtained was void, and gave him no title to the premises. (*In re Waring,* 99 N. Y. 116 ; *Albrecht* v. *Pell,* 11 Hun, 127 ; Freem. on Judg. §§ 162–201 ; *Campbell* v. *Hall,* 16 N. Y. 575 ; *Sheridan* v. *Andrews,* 49

id. 483; *Zoeller* v. *Riley*, 100 id. 107; *Denman* v. *McGuire*, 101 id. 161; *N. Bank* v. *Hubbill*, 117 id. 399.) Mrs. Ackley having died intestate seized of the premises, they descended to her heirs, if she left any capable of inheriting them. They escheated to the state, but in 1874 the legislature passed an act which removed the plaintiff's disability and placed her on an equality with citizens in that respect. (Laws of 1874, chap. 261; *Luhrs* v. *Eimer*, 86 N. Y. 171; *Hall* v. *Hall*, 13 Hun, 306; *Brown* v. *Sprague*, 5 Den. 551; *Maynard* v. *Maynard*, 36 Hun, 227; *White* v. *City of Brooklyn*, 122 N. Y. 53; *Branagh* v. *Smith*, 46 Fed. Rep. 517.)

BRADLEY, J. The plaintiff's right to recover is dependent upon her having the legal title to the land in question. Prior to her marriage to Wood, Sarah Ann was an alien, but by her marriage to Wood, who was a citizen, she became a naturalized citizen of the United States. (*Luhrs* v. *Eimer*, 80 N. Y. 171.)

At the time of her death in 1871, her sister, the plaintiff, her only heir at law, being an alien was incapable of inheriting the land. (L. 1845, ch. 115.) And assuming that Mrs. Ackley in her life-time made no provision for the disposition of the property, it escheated to the state. The plaintiff had no support for her claim to the premises prior to the passage of the act of 1874 (Ch. 261), so amending section four of chapter 115, L. 1845, as to provide that " if any alien, resident of this state, or any naturalized or native citizen of the United States, who has purchased and taken, or hereafter shall purchase and take, a conveyance of real estate, within this state, has died, or shall hereafter die, leaving persons who, according to the statutes of this state would answer the description of heirs of such deceased person, such persons so answering the description of heirs of such deceased person, whether they are citizens or aliens, are hereby declared and made capable of taking and holding, and may take and hold as heirs of such deceased person, as if they were citizens of the United States, the lands and real estate owned and held by such deceased

alien or citizen at the time of his decease." This statute as well as L. 1875 (Ch. 38) by its terms includes within its effect the heirs of those who had died before as well as after its passage and without distinction between citizens and aliens otherwise than in relation to alien males of full age, who are required to make and file in the office of the Secretary of State the deposition or affirmation required by 1 R. S. 720, § 15. And although the land had escheated to the state when the act of 1874 was passed, the legislative purpose is by its provisions quite apparent to surrender the title to lands taken by escheat, and of which the state had not before that time assumed in any manner to make disposition. (*Luhrs* v. *Eimer*, 80 N. Y. 171; *Hall* v. *Hall*, 81 id. 130.) In that view there was nothing in the escheat to prevent the plaintiff from effectually asserting her claim to the land after the passage of that act, as no proceedings for any purpose had been taken on the part of the state prior to that time founded upon the title taken in that manner on the death of Mrs. Ackley. And, therefore, at the time of the passage of the act of 1876 (Ch. 184), no title was in the state and the act was ineffectual to vest any title in Mr. Ackley. And it may be observed that by its provisions the rights of heirs were expressly saved from its operation. (*Maynard* v. *Maynard*, 36 Hun, 227.) It is urged that there is nothing in the act to operate as a grant of the title to the plaintiff, and in support of the view that it was not within its purpose to divest the state of the title, reference is made to section eleven of the act of 1845, which provided that it should "not affect the rights of the state in any case in which proceedings for escheat have been, or shall before the making and filing the deposition or affirmation in the first section of this act mentioned be, commenced or the rights of any person or persons whose interests may have become vested in any such lands or real estate." As before remarked no proceedings for escheat had been taken when the act of 1874 took effect, nor had any person acquired any rights founded upon any interest which had become vested in him. And in view of the provisions of the fourth section as amended in 1874 and

as further amended in 1875 (Ch. 38), no express grant to the plaintiff was essential to vest the title in the plaintiff as heir at law of Mrs. Ackley assuming that the real estate was owned by the latter at the time of her death.

It is contended that by reason of the ante-nuptual trust deed made by her to Edward F. Sanderson in 1846, she had no title thereafter prior to the time of her decease. This would be so if the deed created a trust within the meaning of the statute (1 R. S. 728, § 55), because on the death of the trustee the trust would have become vested in the Supreme Court to be executed by some person appointed by it for that purpose. (1 R. S. 730, § 69). But while the trust deed contained a provision for the receipt by the trustee of the rents and profits and the application of them to the use of the grantor during her life, such power was made dependent on her election to permit him to do so; and she reserved the right which she exercised, of taking and holding the property for her own use and benefit. It would, therefore, seem that the trustee acquired no right by the instrument to take possession and control of it and receive and apply the rents and profits in the sense requisite to a trust having the support for its execution of title in the trustee. The grantor was the sole beneficiary having by the terms of the deed, the right to the actual possession and use of the premises; and, therefore, no title vested in the trustee. (1 R. S. 727, § 47; Id. 728, § 49; Id. 729, § 58.)

If the trust had been within the fifty-fifth section of the statute it terminated with the death of Mrs. Ackley, and in that case the real estate, unless other disposition of it was legitimately directed by her, would have descended to her heirs, if she had any capable of taking it. (1 R. S. 754, § 21; *Watkins* v. *Reynolds*, 123 N. Y. 211.) In the view taken it is unnecessary to consider the question whether in that event the real estate would, within the meaning of the provisions of the acts of 1874 and 1875, have been deemed owned and held by her at the time of her decease. The provision of the trust deed for the execution by the trustee of such power of appointment as the grantor should create by deed or will duly made

and executed under her hand and seal in the presence of two witnesses, it is insisted on the part of the defendant was made effectual by a deed of appointment made by her, and that through its execution by a trustee appointed after her death the defendant's title to the premises is supported. The new trustee then appointed pursuant to the direction of the court assumed to convey the land to Mr. Ackley in execution of what was treated as a deed of appointment made by his wife and bearing date in 1847. The plaintiff had no notice of the proceedings, which were taken in 1876, for the appointment of a new trustee; and it was represented by the petitioner, Ackley, in the proceeding that Mrs. Ackley left no heir at law; and that the deed of appointment had been in his possession from the time of its execution by her, which he also verified.

The execution of this deed of appointment was neither attested by any witness or acknowledged by the person whose name was subscribed to it. And the referee found that Sarah Ann Ackley did not sign the paper with intent thereby to execute it and give it legal effect as a deed of appointment, and that she did not in her life-time deliver it to Mr. Ackley or to Sanderson or to any other person, but retained it in her possession down to the time of her death. This finding of the referee was permitted by the evidence and for the purposes of this review must be deemed conclusive. And as the inference was warranted that she did not at any time during her life intend to give any legal effect to the instrument as one of appointment for execution by the trustee pursuant to the provision of the trust deed in that respect, the retention of it in her possession in the manner it appears she did up to the time of her death, is accounted for. It may be that the referee would have taken a different view of the intent of Mrs. Ackley in that respect, and of the effect of the paper if it had been executed by her in the manner and as provided in the deed of trust. And here it must be assumed that the questions of fact presented by the evidence were properly disposed of in the court below.

These views lead to the conclusion that Mr. Ackley took no title through the release to him by the legislative act of the state in 1876, or by the deed made to him by the new trustee, who was appointed by the court on the assumption that a valid deed of appointment had been made, without which there was no support for the application to the court for that purpose. But that on the passage of the act of 1874, the plaintiff as heir at law of Mrs. Ackley became vested with the title by descent.

The judgment should be affirmed.

All concur.

Judgment affirmed.