(31 App. Div. 25.)

### WEIL et al. v. RADLEY.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

1. ADVERSE POSSESSION—DEEDS—DESCRIPTION.

In an action by a vendee of real property to recover back the part of the price paid on the ground of defective title, it appeared that while the deed of the premises to defendant's predecessor in 1848, by mistake, omitted a narrow strip thereof, a building had been erected thereon, covering the strip, for 30 years, and had been continuously and peaceably occupied by defendant in opposition to a presumption of ownership in any other person. *Held*, that the facts constituted no defect.

2. VENDOR AND PURCHASER—RECOVERY OF PRICE—GROUNDS.

If, at the time for closing a contract for the sale of land, a building thereon is dilapidated and practically valueless, and incapable of being occupied without removing and reconstructing its walls, the fact that it encroaches on adjoining property is immaterial.

3. SAME—DEFENSES.

A vendor of real property who, at the date for delivering the deed, cannot convey a marketable title, and who subsequently conveys the property to a third party, cannot defeat the original vendee's action to recover the portion of the purchase price paid by showing that, subsequent to the date for closing, he had cured the defect in his title.

4. EXECUTORS—PURCHASES OF TRUST PROPERTY—VALIDITY.

A purchase by an executor, directly or indirectly, of any part of a trust estate committed to his care, is voidable at the election of the beneficiary of the trust, without regard to the question of good faith or adequacy of price, and although the purchase was made through the intervention of a third person; and the executor has no marketable title to lots thus acquired.

Appeal from trial term.

Action by Jonas Weil and Bernhard Mayer against John J. Radley. From a judgment entered on a verdict by direction of the court, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Charles L. Guy, for appellant.

Edward Kaufmann, for respondents.

McLAUGHLIN, J. On the 23d day of November, 1894, the parties to this action entered into a contract of sale in and by which the defendant agreed to sell, and plaintiffs to purchase, certain real estate situate in the city of New York, for the sum of $24,000, and the plaintiffs then paid, to apply on the purchase price, the sum of $500. On

the 10th of January following, the time fixed for the completion of the contract, the defendant tendered to the plaintiffs a deed proper in form, and the plaintiffs were ready and willing to pay the balance of the purchase money in the manner provided in the contract, but they objected to the defendant's title: (1) That the defendant was not the owner of a strip of land 5 feet in width, and about 69 feet in length, which formed a part of the lot contracted to be sold; (2) that a portion of the wall of the building standing upon the lot encroached 2 inches upon adjoining lands; (3) that an undivided one-half interest in the premises was acquired by defendant from himself while acting as executor of his father's estate.

1. In 1848 the title to that portion of the lot which it was claimed defendant had no title to was vested in one Allen, and, through an error in the description of the plot as contained in the deed from him, it was not included in the premises conveyed to the defendant's predecessors in interest, and the records disclosed no conveyance which remedied the defect. The evidence offered upon the trial, however, conclusively established that the defendant and his predecessors in interest had been in actual, peaceable possession of this strip, under claim of title, since 1869; and there seems to be no reasonable doubt from the evidence that this adverse possession extended as far back as 1854. Nearly 30 years ago a building was erected upon the lot, including the strip in question, and this has been occupied and used continuously and peaceably by the defendant and his predecessors in interest, in opposition to a presumption of ownership in any other person. The peaceable occupancy of this property during such time establishes ownership in the grantor by adverse possession, and the fact that the records failed to disclose any conveyance from Allen has ceased to be such a cloud upon the title as would warrant the court in refusing to compel specific performance of the contract of sale if demanded by the vendor. The defendant's title under such circumstances must be held to be good. Moore v. Williams, 115 N. Y. 586, 22 N. E. 233.

2. The objection that a wall of the building encroached upon adjoining premises was equally without merit. Whatever might be said as to that under some circumstances, it is of no importance here, for the reason that the building itself was at the time fixed for the closing of the contract, January 10, 1895, in a dilapidated condition, without roof or windows, and the walls of little or no value, except so far as the material therein could be used in rebuilding. In order to occupy the building, it would be necessary to remove and reconstruct the walls; and therefore, if an encroachment existed as claimed, it could then be remedied, and easily, and without expense, made to conform to the boundaries stated in the deed.

3. This brings us to the consideration of the only other objection made to the title, and which is the serious one presented for consideration. It is undisputed that in 1890 one undivided one-half interest in the lot contracted to be sold was vested in the executor of John B. Radley, deceased, and that the defendant, John J. Radley, as one of such executors, on the 31st of March of that year, united in a deed by which, for the expressed consideration of $50,000, that interest was conveyed to one McManus. Within four months thereafter, Mc-

Manus reconveyed the same premises to the defendant individually, for the same expressed consideration. Upon the trial, the defendant testified that McManus was a friend of his, and that no actual consideration passed between the respective parties to these conveyances except the nominal sum of one dollar, and that he, as one of the executors of John B. Radley, deceased, conveyed the property to McManus, "as a cover." Under such circumstances, it is perfectly clear that the deed from Radley, as executor, to McManus, and the one from McManus to him individually, formed but one transaction, in which the defendant acted in the double capacity of seller and purchaser of property belonging to the estate which it was his duty to protect. A purchase by an executor, directly or indirectly, of any part of a trust estate committed to his care, is voidable, at the election of the beneficiaries of the trust. This rule will be enforced without regard to the question of good faith or adequacy of price; and that the purchase was made by the executor through the intervention of a third person does not change the rule or the character of the transaction. People v. Open Board of Stock Brokers Building Co., 92 N. Y. 98. The title, therefore, which the defendant acquired from McManus, was not one which the plaintiffs were bound to accept, for the reason that it was voidable by those whom the defendant at the time of the conveyance to him was bound to protect, and whose interests were endangered by the collusion between himself and McManus. The plaintiffs would not have been protected had they accepted the title, as one buying in good faith without knowledge of a breach of trust, for they had actual knowledge of that fact, and a sufficient length of time had not intervened since the transaction to bar the right of the beneficiaries to invoke the equitable powers of the court to set aside the deed. The deed, therefore, from McManus to the defendant, rendered the title offered on the 10th of January, 1895, unmarketable. "A marketable title," says Brown, J., in Vought v. Williams, 120 N. Y. 253, 24 N. E. 195, "is one that is free from reasonable doubt. There is reasonable doubt when there is uncertainty as to some fact appearing in the course of its deduction, and the doubt must be such as affects the value of the land or will interfere with its sale. A purchaser is not compelled to take property the possession of which he may be compelled to defend by litigation. He should have a title which will enable him to hold his land in peace, and, if he wishes to sell it, be reasonably sure that no flaw or doubt will arise to disturb its market value." And in the recent case of Blanck v. Sadlier, 153 N. Y. 556, 47 N. E. 921, the court held that, "although the title tendered may in fact be good, yet if it is subject to reasonable doubt depending upon the ascertainment of some material fact extrinsic to the record title, to be found by a jury when the question arises, a purchaser in general will not be required to complete the purchase, for he is entitled to a title not only good in fact, but marketable."

Applying the principle of law declared in the two cases just cited, it seems reasonably clear that the title offered by the defendant was not a marketable one, and therefore plaintiffs were justified in refusing to accept the same. But it is suggested that the defendant offered to procure deeds of conveyances which would here remove the

defect just considered. The answer to this suggestion is that, at the time fixed for the final completion of the contract, these instruments had not then been procured, and the plaintiffs were under no legal obligation to wait for the defendant to procure them. That they were procured on the 23d of January following is of no importance, because the rights of the parties had become fixed on the 10th of that month, when the title was refused, and such rights could not thereafter be changed by the defendant without the consent of the plaintiffs. But it is to be observed that the deeds which were procured on the 23d of January, or at least some of them, were not acknowledged until some time in April following. It is also to be observed that some time after the 10th of January, and before the trial, the defendant sold the same premises to another party, and this sale placed the defendant in a position where he could not have demanded specific performance of the contract, because he himself could not perform. In Dutch Church v. Moot, 7 Paige, 77, the court permitted the vendor to perfect his title after the day fixed for the completion of the contract and delivery of the deed; but that was an action for specific performance, and such course was permitted because it appeared that the purchaser had not been injured by the delay. Here the defendant, intermediate the refusal of plaintiffs to take title and the trial of this action, actually sold the same land to another party, and has received compensation therefor. Under such circumstances, the court will not exercise its equitable powers to such an extent as to enable him to receive two compensations for the same property. It follows that the trial court was correct in directing a verdict in favor of the plaintiffs upon the ground that the facts established upon the trial constituted such a cloud upon the title as to render it unmarketable; and for that reason plaintiffs were entitled to recover the amount previously paid, together with the expenses incurred by them in searching the title.

Judgment must be affirmed, with costs to the respondents. All concur.