## RUFF v. GERHARDT.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

SALE OF LAND—CONTRACT TO CONVEY—MARKETABLE TITLE—SPECIFIC PERFORMANCE.

A deed made in 1848 described the premises by the street number, and also by metes and bounds. The measurements did not include a small triangular piece at the rear of the premises. At the time such deed was executed the premises including such piece were inclosed within a fence, which was maintained until 1897. The grantee in such deed immediately entered into occupation, and he and his successors remained thereafter in undisturbed possession. No adverse claim had been made to such triangular piece, and there was no evidence as to any living person who could make one. *Held*, that plaintiff's title is

marketable, entitling him to specific performance of a contract to purchase.

Submission of controversy between August Huff and Frederick Gerhardt. Judgment for plaintiff.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

William E. Goldman, for plaintiff.

John C. Ruff, for defendant.

HATCH, J. By the submission it appears that the plaintiff contracted to sell and convey to the defendant a certain piece of real property for and in consideration of the sum of $45,000, to be paid in manner specified in the contract of sale. At the time of the execution of the contract the defendant paid to the plaintiff the sum of $5,000 on account of the purchase price. Thereafter, and on April 1, 1902, pursuant to the contract, the plaintiff tendered a deed of the premises to the defendant, which deed purported to convey to the latter a title in fee simple of the premises. The conveyance so tendered was in all respects in compliance with the contract, so far as the covenants and form of the same were concerned. The defendant refused to accept the deed at the time of the tender, claiming that the plaintiff's title to the land conveyed was defective, and therefore unmarketable, and the defendant demands that judgment be rendered in his favor and against the plaintiff for the sum of $5,000, paid as aforesaid, together with interest thereon, and also a further sum of $200 expenses incurred by him in the examination of the title to said premises. It is disclosed by the record that the premises in question were conveyed to John Kennedy by Adon Smith and Louisa, his wife, by deed dated September 18, 1848, acknowledged on that day, and recorded in the office of the register of the then city and county of New York on the 1st day of May, 1858. The land so conveyed was designated by the number 221 Avenue A, in the city of New York, and in the description the metes and bounds of the said premises were given. It appears, however, that the description by metes and bounds did not include a strip of land being in size 6 feet 3 inches by 23 feet 8 inches by 20 feet 9¾ inches in the rear of the premises, but the whole of the land so conveyed was known as No. 221 Avenue A, including the strip last above mentioned. At the time of the conveyance by Smith and wife to Kennedy, the premises in question were inclosed "and fenced in by a stone wall in the rear, with wooden fence built on the top of said wall, and the side fences were of boards, and the front by a picket fence; that said stone wall and fence was maintained up to June, 1897; that there was erected, at the time Kennedy got title, on the front of said lot, a building, which was immediately after taking title occupied by Kennedy and his family; that in 1848 Kennedy erected a two-story building of wood upon the rear portion of said lot, including the strip in dispute, which building extended to the extreme rear portion of said lot." At the time of receiving his deed Kennedy entered into possession of the land, and he and his descendants have been in the possession of the same ever

since up to June 16, 1897, when Mary E. Benson, a granddaughter of the said Kennedy, and successor in the title, conveyed the same to the plaintiff herein. The title to the disputed strip of land has never been claimed by any person except Kennedy and his descendants since he obtained his deed and entered into possession. The only defect which the defendant claims to exist in this title is the failure to include in the description by metes and bounds the triangular strip in the rear of the lot. It does not appear that there are now in existence any heirs of Smith and wife, Kennedy's grantors, or any other person who could make claim of title to or interest in the land conveyed. So that whether there be any person in existence who could claim title to the land as against Kennedy and his descendants who have succeeded to the title is the merest conjecture. A mere possibility that there are heirs or any person in existence who could make claim of title to the land is insufficient upon which to base an infirmity of title in the land sought to be conveyed. If reliance is placed upon such fact, it devolves upon the defendant to show it by proof sufficient to raise a reasonable doubt. Greenblatt v. Hermann, 144 N. Y. 13, 38 N. E. 966. It is true that under ordinary circumstances, where there is a defect in the record title, which can only be cured by a resort to parol evidence, and the disputed title may depend upon a question of fact, specific performance will not be enforced. Heller v. Cohen, 154 N. Y. 299, 48 N. E. 527. In the present case, however, the plaintiff and his predecessors in the title have been in actual possession under a claim of title thereto for a period of nearly 54 years. They have built upon the disputed strip a substantial building, and during the whole period no person has made any claim or pretense of having title to or interest in the premises in question, nor is it shown that there is any person or persons in existence, who, as against the plaintiff, could have made any claim of title. Where the period of occupancy has extended over half a century, and during that time there has been peaceable enjoyment, with no claim adverse to the title asserted against such possession, a case is presented where the contingency of the title ever being attacked is so remote as to be a matter of pure speculation and conjecture. A case of adverse possession less strong has been held by this court not to raise a question of reasonable doubt adverse to the title. Weil v. Radley, 31 App. Div. 25, 52 N. Y. Supp. 398, affirmed on appeal 163 N. Y. 582, 57 N. E. 1128. We are of opinion, therefore, that this title is not open to a reasonable doubt, and is therefore a marketable title.

It follows that judgment should be ordered in favor of the plaintiff and against the defendant for a specific performance of the contract of sale, with costs to the plaintiff. All concur.