(38 Misc. Rep. 702.)

WENTWORTH et al. v. BRAUN et al.

(Supreme Court, Special Term, New York County.  October, 1902.)

1. BOUNDARIES—ESTABLISHMENT.
    Where a boundary line was established between two lots, with an intent to fix the same, and was maintained for more than 20 years, it precluded any question as to its correct position.

2. CORPORATIONS—DEED—AFFIRMANCE.
    Where every stockholder of a corporation, except one holding two shares, expressly agreed to the conveyance of land by the corporation, and 80 per cent. of the stock voted for it, and the purchase price was

¶ 1. See Adverse Possession, vol. 1, Cent. Dig. §§ 624–628; Boundaries, vol. 8, Cent. Dig. §§ 236, 237, 240.

duly distributed to the stockholders, and the trustees of the corporation then accounted to the stockholders and closed its affairs, the corporation has no right thereafter to disaffirm the deed.

Action by Josiah W. Wentworth and others against Jennie Braun and others. Motion to compel purchaser on judicial sale to complete purchase. Motion granted.

Charles B. Samuels, for the motion.
Daniel P. Hays, opposed.

BISCHOFF, J. The main question in dispute relates to the dimensions of one of the lots forming a part of the property sold as one parcel, situated on the southwest corner of Bleecker and Mott streets, with a frontage of 80 feet on Bleecker street, 135 feet on Mott street, and a depth of 82 feet at the southerly boundary. The lot affected by this application is the most southerly of the lots on Mott street, and, for the purpose of conforming to the description under which it was sold, its dimensions should be 22 feet 9¾ inches on Mott street, by 82 feet in depth. These are the measurements of the premises as in possession, and the controversy is confined to the question of depth, the claim of the purchaser being that the title of the parties to the action does not cover more than a depth of 81 feet. It appears that all deeds of conveyance of this lot preceding the mortgage which was foreclosed in this action described the property as running 81 feet from Mott street, and the difficulty appears to have arisen at some time prior to the year 1828, at which time one Thomas H. Smith had come into possession of the lot, together with the land lying between its westerly line and Mulberry street, the western boundary of the block. The land thus owned by Thomas H. Smith was laid out into lots and conveyed by him with reference to a map or diagram which gave a depth of 81 feet to the lots on Mulberry street, and a similar depth to the lots on Mott street, which included the lot in question. The Mulberry street lots were first conveyed, and were stated to be bounded by Smith's (the grantor's) land to the east,—that is, by the rear line of this lot and of those adjoining; but the depth of all, as I have stated, whether on Mott street or on Mulberry street, was 81 feet, according to the diagram. Smith next conveyed the Mott street land, including this lot, bounding it on the west by the Mulberry street lots theretofore conveyed. Evidently the assumption was that the block had a depth of no more than 162 feet, but, as appears from its actual measurement, the center line of the block is distant 81 feet 5¾ inches from Mott street on the northerly line of this disputed lot, and 82 feet 6½ inches on its southerly line.

In view of the manner in which this land was conveyed out of Thomas H. Smith, it is obvious that he abandoned the narrow strip left in the center of the block to the respective grantees of the lots on Mulberry and on Mott street. His intention was clearly to convey what he had from street to street, and the long period of possession in the grantees and their successors (since the year 1828) suffices to quiet the title as against any claim through him. Weil v. Radley, 31 App. Div. 25, 52 N. Y. Supp. 398. As between the owners

of this lot on Mott street and the owner of the Mulberry street lot adjoining in the rear, however, there is no method of determining the title to the excess over 81 feet, as a matter of record. Each, as against the other, could claim no more than 81 feet by virtue of the conveyance, unless, indeed, the fact that the Mulberry street land was first conveyed by reference to the boundary of the Mott street lot gave the first grantee a plausible claim to the whole excess, to the exclusion of the Mott street owners. No construction of the deeds, as I find, can give the owners of this disputed lot the better right to the unconveyed strip; and, if it be assumed that each lot might be measured to the center line, still the lot in question exceeds this measurement at some distance, to the extent of 6 inches. The title must depend upon the practical location of boundaries, as between these owners, and it is insisted for the purchaser respondent that the proof of possession offered is insufficient to support the title for the purposes of such a motion as this. I think, however, that upon this ground the title is free from reasonable doubt. Proof of the establishment of the present line, by the maintenance of a fence at a period commencing more than 20 years ago, has been furnished by affidavit, and undisturbed possession for that period is likewise shown. The establishment of a boundary line, and its practical maintenance for a period of upward of 20 years, conclude any question of its correct position (Reed v. Farr, 35 N. Y. 113; Baldwin v. Brown, 16 N. Y. 359), unless at the time when the boundary was originally placed the intention to fix a line was absent. Jones v. Smith, 73 N. Y. 205. In the present case the building of a fence on a line substantially in the center of this city block must have involved an intention to use the line thus marked as the boundary line, in view of the fact that the lots on either hand were originally conveyed as having equal dimensions and meeting at the rear. The case is not one of bare possession, merely. The intention to fix and maintain a boundary, as such, is strongly to be inferred from the circumstances disclosed by the record; and, in the absence of any suggestion that the basic fact of the original placing of the fence is reasonably open to dispute, I think the title is marketable.

A point is made that there is a defect in the title because the trustees (upon dissolution) of a corporation grantor had not been joined as parties to the action for the purpose of concluding their possible right to disaffirm the conveyance which had been made by the corporation to a director. The transaction is shown to have followed the express agreement entered into by every stockholder, with the exception of one holding two shares, and the conveyance was made after vote at a meeting in which over 80 per cent. of the stock was represented. The purchase price was received and distributed by the trustees, who accounted with the stockholders and closed the affairs of the corporation. All stockholders took the benefit of the sale, and it is difficult to perceive any ground for the apprehension of an attack upon the regularity of the proceedings, which have been unquestioned for any possible technicality during the six years which have intervened.

Motion granted, with costs.