(57 Misc. Rep. 246.)

WEINTRAUB v. SIEGEL et al.

(Supreme Court, Special Term, New York County. December, 1907.)

1. VENDOR AND PURCHASER—MARKETABLE TITLE.
　　Where executors sold real estate under a power of sale in a will, and the grantee on the same day conveyed it to one of the executors, the title was not marketable.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 245, 246.]

2. EXECUTORS—ACCOUNTING—SALE OF REALTY.
　　Where executors sold real estate under a power in a will, and under a decree settling their accounts the cash received by such sale appeared, it did not estop one interested in the estate, having notice of such accounting, from contesting the validity of the sale, where the account did not set out the facts rendering the sale invalid, and no issue as to its validity was tendered.

Action by Jacob Weintraub against Moses I. Siegel and Phillip Siegel, to enforce vendee's lien for money paid on a contract for purchase of real estate. Judgment for plaintiff.

John Frankenheimer and Charles Dushkind, for plaintiff.
George W. Glaze, for defendants.

BISCHOFF, J. While certain encroachments and some minor defects in the title offered have been asserted by the plaintiff to justify the rejection of the purchase, the main dispute, and, as I view the case,

the controlling question, turns upon the fact that the defendants' title came through a conveyance by Henry Ungrich, Jr., and Martin Ungrich, as executors, to one Davenport, by whom, in turn, the premises were on the same day conveyed to Henry Ungrich, Jr. The conveyance to Davenport purported to have been made pursuant to the exercise of a power of sale vested in the grantors by Henry Ungrich, under whose will these grantors were executors and trustees; and it thus appeared from the record of the transaction that the premises were sold by one of these executors to himself. Within the authorities, such a conveyance by a person charged with the duties of a trustee, resulting in his own taking of title through an intermediary, even though the trustee has a beneficial interest in the property to protect, is voidable at the election of any person interested in the trust estate; and a title based upon the transaction is not marketable, because of the potential invalidity. People v. Open Board of Brokers, 92 N. Y. 98; Weil v. Radley, 31 App. Div. 25, 52 N. Y. Supp. 398; Davoue v. Fanning, 2 Johns. Ch. 252; Scholle v. Scholle, 101 N. Y. 167, 4 N. E. 334.

Maria Rodenbach, one of the persons interested in remainder under the trusts created by the will of Henry Ungrich, could at any time within the statutory period of limitation, which has not expired, assert a right founded upon this defect in the title offered by the defendants to the plaintiff; and, while evidence was offered upon the defendants' claim that this cestui que trust was estopped by adjudication, I cannot hold that there was an estoppel. The contention is based upon the fact that, in an accounting proceeding upon the part of the executors of Henry Ungrich in the year 1903, the item of cash received upon the sale of this particular real estate was scheduled and the accounts were passed, upon notice to Maria Rodenbach, without objection; but, clearly, no issue was tendered in the proceedings before the surrogate as to the voidable character of this sale. The purchaser was not disclosed, nor was it suggested by the account that the executor and trustee had taken title. Had there been an issue tendered and litigated upon the subject, the surrogate's decree might well have concluded all parties (Mutual Life Ins. Co. v. Schwaner, 36 Hun, 373); but, so far as appears, the cestui que trust had no knowledge of the facts, and nothing was suggested for discussion by the surrogate other than the correctness of the items of the account, including this item of moneys received upon a sale. Ratification by the person interested in the estate must have been founded, if at all, upon knowledge of the facts surrounding the voidable transfer. Matter of Long Island, etc., Co., 92 App. Div. 1, 87 N. Y. Supp. 65; Id., 179 N. Y. 520, 71 N. E. 1133. Here there was no knowledge, and an estoppel by the passing of the accounts is not supported by anything within the scope of the accounting proceedings in the course of which the decree was made.

There is a direct conflict of evidence upon the question of an alleged waiver of the defect in the title offered. The defendants assert an agreement, made with their attorney by an employé of the plaintiff's attorney, that the title would be accepted if a warranty deed be given by the defendants and if the defendants would satisfy the Lawyers' Title Insurance Company, by indemnity or otherwise, so far as to en-

able a contemplated loan to be concluded. Such an agreement, of course, was not within the implied authority of the plaintiff's attorney to make, since his employment as agent for the purpose of attending to the details of the title did not include an agency to waive substantial defects, and so to modify the contract of sale. The alleged waiver, therefore, must depend, not only upon an understanding between these representatives of the parties, but upon ratification by the plaintiff; and, from the evidence before me, I fail to find that the plaintiff did in fact assent to the modification. The evidence of an understanding between the attorneys is unsatisfactory; and, upon the question of the plaintiff's knowledge of the agreement and of his acquiescence in the taking of title, with that knowledge, the probabilities certainly did not favor the fact asserted by the defendants. Under the contract of sale, the plaintiff was to receive a conveyance with full covenants; and it is not reasonable to assume that he would knowingly agree to take an unmarketable title simply upon the strength of covenants which the defendants had in any event agreed to annex to the conveyance of a marketable title.

My conclusion is that the title was not marketable, the defect was not waived, and the plaintiff is entitled to judgment establishing his lien and for damages as demanded. In this view of the case I have not deemed it necessary to discuss the question whether all the objections taken by the plaintiff to the title were or were not tenable. It suffices that, for the defect referred to, his purchase was properly rejected. I have noted upon the proposed findings submitted by the parties my disposal of the requests to find. Form of decision, embodying findings made upon request and proposed judgment, may be presented upon notice of settlement.

Judgment accordingly.