CUTLER v. WINBERRY et al.

(Supreme Court, Special Term, Rockland County.   June. 1916.)

1. TRUSTS &⇒131—OPERATION—ESTATE OF TRUSTEE—STATUTE OF USES.
   A trust conveyance, reserving the property's control and income to the grantor for life, after which the trustee is to convey it to the grantor's son, creates a life estate in the grantor, remainder in the son, and no estate in the trustee under Real Property Law (Consol. Laws, c. 50) § 93, executing passive trusts.
   [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 175, 175½; Dec. Dig. &⇒131.]

2. TRUSTS &⇒16—CREATION—INVALID TRUST VALID AS POWER.
   The conveyance, if invalid as a trust, was valid as a power in trust, under Real Property Law, § 99, making certain unauthorized trusts valid as powers, and the trustee's deed to the son after the grantor's death passed the fee title.
   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 14; Dec. Dig. &⇒16.]

3. DESCENT AND DISTRIBUTION &⇒75—POWER IN TRUST—RIGHT OF HEIRS.
   Real Property Law, § 99, providing that real estate shall descend as usual, subject to the execution of a power in trust, merely entitles the grantor's heirs to the income until the power is executed.
   [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 243–251, 260–262; Dec. Dig. &⇒75.]

Action by Otis H. Cutler against Mary R. Winberry and others. Judgment for plaintiff.

Harris & Lexow, of Suffern, for plaintiff.
P. Van Alstine, of New York City, for defendant Nellie J. Winberry.
Hamilton R. Squier, of New York City, for guardian ad litem.

TOMPKINS, J.   The plaintiff brings this action to determine the claims of the defendants to an interest in a farm of about 70 acres situated in the town of Ramapo, Rockland county, N. Y.   On April 1, 1895, William Winberry, a widower, was the owner in fee of said farm, and of other premises situated in the state of New Jersey.   He had five children, namely, Anna W., William H., Raymond, Eleanor W., and Mary R. Winberry.   On April 1, 1895, the said William Winberry undertook to distribute his property among his said five children, and for that purpose executed a deed of conveyance of several parcels of property, including the said farm in the town of Ramapo, to one Eugene J. McCarthy, in trust for certain purposes, which are described in the said deed as follows:

"First. That he [Eugene J. McCarthy] will allow the said party of the first part [William Winberry] to manage and control said property as he may think best, for the interest of his children hereinafter named, and, to collect and receive all rents and income from the same, and apply the same to such purposes as he may desire, during the term of his natural life. * * *

"Fourth. That he, Eugene J. McCarthy, will, at any time when requested so to do by said party of the first part in writing, convey to William Winberry, the son of said party of the first part, the farm situated in Rockland county, New York, being the property hereinbefore first above described, to have and to hold unto said William Winberry, his heirs and assigns, forever.

"Fifth. That in case of the death of said party of the first part, before mak-

---

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing the request to convey said farm to his said son, William Winberry, and leaving his said son him surviving, he [Eugene J. McCarthy] will then convey said farm to said William Winberry, to have and to hold unto him, his heirs and assigns, forever."

The full name of the son William Winberry, named as the remainderman in the paragraph of the deed just quoted, is William H. Winberry. In September, 1896, the said William Winberry married the defendant Nellie J. Winberry, and by his second marriage had four children, who are the defendants Helen Winberry, Norma Winberry, Frances Winberry, and Edward Winberry.

William Winberry died intestate on May 3, 1910, leaving him surviving his second wife, the defendant Nellie J. Winberry, and the said nine children, five by his first wife, and four by his second, and without having requested the trustee, McCarthy, to convey the said premises to his son William H. Winberry. Thereafter McCarthy, the trustee, executed and delivered to William H. Winberry a deed of the said premises, which was duly recorded in the county clerk's office and all of the children of the said William Winberry, except the defendants, conveyed their interest in said farm, if they had any, to the said William H. Winberry, who thereafter conveyed the same to one Smith, from whom, by mesne conveyances, the plaintiff claims to own the property.

This action involves the construction of the deed of April 1, 1895, by William Winberry to Eugene J. McCarthy, as trustee; the defendants claiming that said instrument did not pass any title to McCarthy, or to William H. Winberry, and that the trust or power in trust was defective and void, and insufficient to authorize the said McCarthy to convey the premises to William H. Winberry, after the death of William Winberry.

[1] A trust could have been created by William Winberry "to receive the rents and profits of real property, and apply them to the use of any person, during the life of that person, or for any shorter term, subject to the provisions of law relating thereto" (present Real Property Law, § 96, subd. 3, formerly Laws 1896, c. 547, § 76, subd. 3, formerly 1 R. S. pt. 2, c. 1, tit. 2, § 55); and if the deed had provided that the trustee, McCarthy, have that power, there would be no question but that a valid trust was created by the deed. But the deed, while it undertakes to convey the property to McCarthy in trust during the life of the beneficiary, provided that the *beneficiary*, not the trustee, should collect the rents and profits during the life of the beneficiary. If the beneficiary were a third person, and not the settlor of the trust, there would be no question about the trust being valid under the decision of the Court of Appeals in Verdin v. Slocum, 71 N. Y. 345, and under the provision of the statute that:

"Every disposition of real property, whether by deed or by devise, shall be made directly to the person in whom the right to the possession and profits is intended to be vested, and not to another to the use of, or in trust for, such person; and if made to any person to the use of, or in trust for another, no estate or interest, legal or equitable, vests in the trustee." Present Real Property Law. § 93, formerly Laws 1896, c. 547, § 73, formerly 1 R. S. pt. 2, c. 1, tit. 2, §§ 49, 50.

There appears no reason why such a disposition should be valid in one case and not in another—why it should pass title direct to the beneficiary in accordance with the terms of the disposition if the beneficiary is a third person, and not pass title direct to the beneficiary in accordance with the terms of the disposition if the beneficiary is settlor of the trust. So, under these provisions, the deed in question passed a life estate in the Rockland county farm to William Winberry, the settlor of the trust, remainder to his son William H., and no title at all vested in the trustee. See Verdin v. Slocum, 71 N. Y. 345.

This deed differs from the deed in Wainwright v. Low, 132 N. Y. 313, 30 N. E. 747, in that the remainderman is named in the deed, while in that case the remaindermen were to be appointed later by deed or will. As in this case, the deed in that case provided that the settlor be the beneficiary during her life. That settlor died, leaving an undelivered instrument providing for the disposition of the fee of the property, but it was not executed as the trust deed provided that it should be. The Court of Appeals held that the trustee's deed made in accordance with that instrument did not pass the title, but it intimated that it might have decided that it did if the instrument had been properly executed. In this case the deed by Winberry provided for a conveyance of the real property in trust during his life, he to receive the rents and profits and to collect the same direct, and definitely named the remainderman. Under the above-quoted provisions, William Winberry received a life estate in the Rockland county farm direct from himself, and his son received the remainder of the fee title, and the trustee, who was to hold the naked title and not do anything whatever, except convey that title to the son William on the death of the father, or sooner if the father directed, received no title to the property. The trustee's deed did not convey any title, because he did not have any title to convey. The fee title was already in the son William under the father's deed.

[2, 3] If it should be that, because he made himself the beneficiary of a passive trust, no trust was created under the first-quoted statutory provision, then, as the trust sought to be created was not otherwise illegal, it was valid as a power in trust, and the deed from the trustee to the son William in accordance with its terms passed the fee title of the Rockland county farm. See present Real Property Law, § 99, formerly Laws 1896, c. 547, § 79, formerly 1 R. S. pt. 2, c. 1, tit. 2, §§ 58, 59. The last sentence of this provision is not of any importance in the case. Under it, if the title passed to the son William under the trustee's deed, and not previously under the father's deed, the heirs at law of the father would be entitled to the rents and profits of the farm accruing during the short period between the father's death and the conveyance executed by the trustee.

The fee title of the Rockland county farm was in the son William Winberry when he executed the deed to the farm to Viola W. Smith, either under the father's deed or under the trustee's deed, and is now in

the plaintiff. The widow of the father William Winberry and his heirs at law have not any right, title, or interest in that property.

Judgment for the plaintiff, and against the defendants, without costs. Requests to find may be submitted within 10 days.