Matter of the Petition of GEORGE D. SHERMAN for the Registration of the Title to Lands in the County of New York — No. 415 West 150th Street.

(Supreme Court, New York Special Term, February, 1919.)

Title — when application for registration of, granted — deeds — statutes — Land Title Registration Act, as amended in 1918 — Real Property Law, §§ 370–435.

Where upon a petition under the Land Title Registration Act (Real Prop. Law, §§ 370–435), as amended in 1918, for the registration of title to certain lands of which petitioner and his predecessors in title had been in possession for some forty years, it appears that though during part of that period the deeds recorded described a plot one foot and eleven inches less in depth than the actual depth of the property, which was ninety-nine feet and eleven inches, petitioner's possession and claim of title was to the fee of the entire property, the application will be

granted, due notice thereof having been given, as provided by statute, to all persons claiming under one through whom a possible claim of title was derived.

PETITION for the registration of the title to lands in the county of New York under the Land Title Registration Act (Real Prop. Law, §§ 370–435), as amended by chapter 572 of the Laws of 1918.

Gilbert Ray Hawes, for petitioner.

Merton E. Lewis, attorney-general.

Michael H. Wolfe, official examiner of title.

GAVEGAN, J.   The petitioner and his predecessors in title have been in possession of the entire property, ninety-nine feet eleven inches deep, for some forty years.   It is true that during part of the period the deeds recorded described a plot one foot and eleven inches less in depth than the actual depth, but the possession and claim to title have been to the entire property.   The opposition here is based on a possible claim to title derived from Edward Welsh.   Notice of this application has been duly given, as provided for by law, to all persons claiming under him.   Furthermore, it is inconceivable that any persons claiming under Edward Welsh could successfully maintain an action to recover the property.   *Ruff* v. *Gerhardt,* 73 App. Div. 245.   Under such circumstances I believe that public policy dictates the adoption of the course, now open, which will tend to clear petitioner's title.   Section 390 of the Real Property Law gives the court in an application under article 12 power to " remove clouds from the title " and " generally " to " make any and all such orders and directions as shall be according to equity in the premises and in conformity

to the principles '' of said article.  It is true the appellate courts have indicated that the so-called Torrens Act was passed for the purpose of providing a form of registration for good titles and not for the purpose of affording a means of making bad titles good.  Unfortunately, the act has been advertised, and is being advertised by some attorneys seeking employment, as a means of making bad titles good, all of which has reflected upon this system of registering titles.  Such conduct, however, should not be allowed to have the effect of prejudicing persons entitled to the benefits of the statute.  The courts can be relied upon to justly exercise the broad equitable power conferred and to rule against applications which may not be granted without real probability of injustice.  Here there is no such probability.  The argument of the attorney-general that there can be no adverse possession because the release authorized by the legislature is subject to the interest of '' any heir at law or devisee '' and of other possible claimants, loses sight of the fact that the alleged chain of title does not include the title of Edward Welsh, so that it is essentially adverse to any title derived from him.  The grantee of Mary Welsh and his successors in title claimed a fee.  That they took the precaution to also acquire such rights as the state of New York might have by escheat does not imply that they did not claim the fee.  The entry was previous to the release authorized by the legislature and was not by virtue of it.  The application is granted.

Application granted.