PIETRO ROSSI, Plaintiff, *v.* ANGELO R. GENTILE, Defendant.

(Supreme Court, Bronx Special Term for Trials, June, 1921.)

Vendor and purchaser — when title by adverse possession good — non-resident aliens incapable of inheriting real estate previous to the statute of 1874.

Where upon the trial of an action for damages because of defendant's failure to perform his contract to convey, it clearly appears that his continued possession and occupancy of the premises in question since 1871 to date has been open, notorious and undisputed, it must be held that he not only has a good and valid title by adverse possession but also through a valid chain of title, and when, upon the day set for the closing of title, he tendered a deed which plaintiff refused to accept on the ground that the title was unmarketable, the defendant is entitled to judgment dismissing the complaint.

The statute permitting a non-resident alien to inherit not having been enacted until 1874, it could not and did not affect the vested rights of the heirs of a tenant in common of the property, who obtained title by his death in 1871.

ACTION to recover damages for failure to perform a contract to sell real property.

M. H. Hofstadter, for plaintiff.

H. Steinbock, for defendant.

Martin, J.  This action is brought by the plaintiff to recover damages because of defendant's failure to perform a contract to sell real property.  On the 26th day of January, 1920, the plaintiff and defendant entered into a contract in writing whereby it was provided that the defendant would sell to the plaintiff certain property in Bronx county.  The contract described the property as follows:  "All that certain lot, piece or parcel of land, with the building and improvements thereon, situate, lying and being in the borough of Bronx, in the city of New York, being part of the land designated by the number 22 on a certain map entitled ' Map of Highbridgeville,' on file in Westchester County Register's office, being bounded and described from said map as follows: Beginning at a point on the southerly line or side of Union (now 167th St.) distant westerly fifty (50) feet from the southwesterly corner of Highbridge avenue (now known as Ogden Ave.) and said Union (now 167th St.) as the same are laid down on said map; thence running southerly, on a line parallel with said avenue, 100 feet; thence westerly, parallel with said street, 25 feet; thence northerly, parallel with said avenue and part of the way through a party wall or partition, 100 feet to the said Union (now 167th St.); and thence easterly, along said street, 25 feet to the point or place of beginning.  Said premises known as 152 West 167th St."  It was stipulated in the contract that the deed should be delivered to the plaintiff at No. 81 East One Hundred and Twenty-fifth street, in the borough of Manhattan, city of New York, on the 10th day of February, 1920, at one o'clock in the afternoon of that day.  The plaintiff

appeared on the day set for the closing of title, and
the defendant duly tendered a deed of said premises,
which plaintiff refused to accept, claiming that defend-
ant's title was unmarketable. It appears that prior
to 1852 a piece of property was owned by Lawrence
Darcy and Peter Darcy. Peter Darcy died in the year
1871. At the time of his death he was a citizen of
the United States. He then owned a one-half interest
in the property in question. He left surviving as his
only heirs at law his brother, Lawrence Darcy, a citi-
zen of the United States, cotenant in ownership in
said premises, and his brothers, Patrick Darcy and
Thomas Darcy, and a sister, Catherine McCann.
Patrick Darcy and Thomas Darcy never became citi-
zens of the United States, and at the time of the
death of their brother they were subjects of the King-
dom of Great Britain and Ireland. They both resided
without the United States, were alien non-residents
and could not inherit. *Wainwright* v. *Low,* 132 N. Y.
313. Catherine McCann, one of the heirs at law of
Peter Darcy, conveyed all her right, title and interest
in the premises to Lawrence Darcy, and he conveyed
all his right, title and interest in the premises to Dan-
iel Darcy and Catherine Riley. Thereafter in a par-
tition suit, in which Catherine Riley was plaintiff and
Daniel Darcy and John Riley defendants, the premises
were conveyed to Katherine Schmidt, and the parties
to the partition suit quitclaimed all her right, title
and interest in the premises to said Katherine
Schmidt. Thereafter the title to the premises was
conveyed by mesne conveyances to the defendant in
this action. At the time of the death of Peter Darcy
a substantial dwelling house was standing upon the
premises in which Lawrence Darcy lived; in this he
continued to live until 1872, when he sold the house
in which he was living and moved back into the prem-

ises in question, where he lived until his death, in 1886, whereupon his children came into possession of the premises which are the subject of this litigation, and continued therein until the premises were sold in the year 1887 in the partition suit to Katherine Schmidt referred to above. Katherine Schmidt then entered into possession and continued in possession until her death in the year 1904. In 1887 Katherine Schmidt caused the building then standing on the premises in question to be taken down, and the building which is now on said premises was erected in place thereof. The premises continued in that condition up to the present time. It was conceded on the trial that there was a continued possession and occupation of the said premises, open and notorious and undisputed, since the year 1871 to date. The defendant has a good and valid title to the premises in question by reason of adverse possession (*Ruff* v. *Gerhardt,* 73 App. Div. 245; *Baker* v. *Oakwood,* 123 N. Y. 16), and also through a valid chain of title. Peter Darcy was a naturalized citizen at the time of his death in 1871. At that time his alien non-resident brothers were incapable of inheriting the property, and the entire title to his property immediately vested in his heirs who possessed inheritable blood by virtue of citizenship. *Leary* v. *Leary,* 50 How. Pr. 122; *Luhrs* v. *Eimer,* 80 N. Y. 171; *Wainwright* v. *Low,* 132 id. 313. The law permitting a non-resident alien to inherit was not passed until 1874, therefore it could not and did not affect the vested rights of Peter Darcy's heirs who obtained title in the year 1871 by reason of his death. The defendant is, therefore, entitled to judgment dismissing the complaint.

Ordered accordingly.